26 Cal.App.3d 327 (1972)
103 Cal. Rptr. 38
Estate of ANTONIO GIOLITTI, Deceased.
HOUSTON I. FLOURNOY, as State Controller, Claimant and Appellant,
v.
LEON H. WADE, as Executor, etc., et al., Objectors and Respondents.
Docket No. 1556.
Court of Appeals of California, Fifth District.
June 23, 1972.
*329 COUNSEL
Myron Siedorf, Robert G. Harvey and Ralph W. Amerson for Claimant and Appellant.
W.A. Bloyd, Charles A. Zeller and Richard E. Johnson for Objectors and Respondents.
Spridgen, Barrett, Achor, Luckhardt, Anderson & James, Kirt F. Zeigler, William Howard Nicholas, Herman Phleger, George T. Cronin and William A. Farrell as Amici Curiae on behalf of Objectors and Respondents.
OPINION
BROWN (G.A.), J.
(1a) The sole issue is whether the amount of federal gift tax paid upon the transfer of property in contemplation of death when said property subsequently becomes subject to federal and state inheritance taxes is deductible from the appraised value of the property to determine the "clear market value" upon which the state inheritance tax is determined under circumstances where the amount of the federal gift tax paid is credited against the amount of the federal estate tax.
The facts are stipulated (see Appendix A). The question is one of law.
*330 Shortly before his death, Antonio Giolitti transferred without consideration virtually all of his property to his three children. The appraised market value of the transferred properties at the date of death was $453,586.86. It is stipulated the transfers were in contemplation of death (Rev. & Tax. Code, § 13642)[1] and they were subject to both the state gift and inheritance taxes and the federal gift and estate taxes. Federal and state gift tax returns were prepared and filed subsequent to death and the amount of the federal gift tax fixed and paid was $82,603.93 and the State of California gift tax $14,924.71. The federal government offset and reduced the federal estate tax liability by the sum paid as federal gift tax (26 U.S.C. § 2012). The State of California allowed the amount of the state gift tax as a credit against the state inheritance tax (§ 14059).
The respondents claimed the $82,603.93 paid as federal gift tax was a debt of the estate pursuant to section 13983 and should be allowed as a deduction from the appraised value of the estate for the purpose of determining the "clear market value" (§§ 13402, 13312). In his report, the inheritance tax appraiser disallowed the $82,603.93 as a deduction. Judge Donald R. Franson sustained respondents' objection to the report of the inheritance tax appraiser and determined that the federal gift tax is deductible. Judge Joseph L. Joy signed the order fixing the inheritance tax, from which order this appeal is taken.
If the amount of the federal gift tax is allowed as a deduction, there is no state inheritance tax liability (see Appendix A, Second Alternate). If it is not, the tax liability is $3,619.58 (see Appendix A, First Alternate). We have concluded that it should not be allowed as a deduction.
(2) The California inheritance tax is not a property tax but is a succession tax imposed by reason of beneficial succession of property upon the death of another (Kirkwood v. Bank of America (1954) 43 Cal.2d 333, 338-339 [293 P.2d 532]), and it is settled that the Legislature has the power to provide which deductions are allowable in arriving at the value upon which those beneficially interested must pay (Estate of Fabris (1962) 200 Cal. App.2d 408, 411 [19 Cal. Rptr. 397]).
Under the statutory scheme enacted by the Legislature, the inheritance tax is imposed upon the "clear market value" of the property transferred whether or not the transfer was made during the lifetime of the transferor (§ 13402). Market value is determined as of the date of the transferor's death whether or not the transfer was made during his life (§§ 13311, 13951). The "clear market value" means the market value of any property *331 included in any transfer less any deductions allowable by law (§ 13312). The deductions specified in sections 13981 through 13991 "and no others" are allowed by the statute against the market value and nothing is allowed as a deduction "that does not actually reduce the amount of an inheritance or transfer" (§ 13981). The deductions must be "obligations of the decedent or his estate" (§ 13982, subd. (a)) and be paid "by the estate or the transferee" (§ 13982, subd. (b)). There is no specific provision authorizing the deduction of a federal gift tax. However, respondent seeks to bring this claimed deduction under the umbrella of section 13983, which provides: "Debts of a decedent owed by him at the date of his death are deductible from the appraised value of property included in any transfer subject to this part made by the decedent."
Section 13981 provides, among other things, that "This article [§§ 13981-13991] is a limitation on deductions allowable." Deductions allowable are not necessarily the same as those paid by the estate (Estate of Skinker (1956) 47 Cal.2d 290, 294 [303 P.2d 745, 62 A.L.R.2d 1137]), and the taxpayer must be able to place his finger upon the precise provision of the statute which secures it to him (Estate of Webb (1966) 241 Cal. App.2d 85, 93 [50 Cal. Rptr. 397]).
(3) While it is true that where doubt arises a taxing statute must be construed in favor of the taxpayer and against the government (Estate of Kirshbaum (1968) 268 Cal. App.2d 155, 160 [73 Cal. Rptr. 711]; Cal. Motor etc. Co. v. State Bd. of Equal. (1947) 31 Cal.2d 217, 223-224 [187 P.2d 745]), nevertheless deductions, exemptions or credits applicable thereto are to be narrowly construed in favor of the state and against the taxpayer (Great Western Financial Corp. v. Franchise Tax Bd. (1971) 4 Cal.3d 1, 5 [92 Cal. Rptr. 489, 479 P.2d 993]; Estate of Steehler (1925) 195 Cal. 386, 396 [233 P. 972], remittitur corrected 197 Cal. 67 [239 P. 718]).
An inter vivos transfer in contemplation of death (§ 13642) is testamentary in character and as such is a taxable event under the inheritance tax law the same as if the property had been transmitted by will. The purpose of this provision is to prevent the evasion of the inheritance tax (§ 13648; Estate of Vai (1966) 65 Cal.2d 144, 154 [52 Cal. Rptr. 705, 417 P.2d 161]; Kirkwood v. Bank of America, supra, 43 Cal.2d 333, 339). However, under federal law when such an inter vivos transfer is subject to the federal estate tax, to avoid double taxation a credit and offset for the gift tax paid is allowed (26 U.S.C. § 2012). A like credit is allowed against the state inheritance tax for the state gift tax paid on a lifetime transfer which is subject to the state inheritance tax (§ 14059). Both the federal and state jurisdictions have considered the effect of the *332 gift tax in such an instance to be a down payment on the estate or inheritance tax to the extent of the credit and in substance a part payment of such estate or inheritance tax. The court said in Estate of Kirshbaum, supra, 268 Cal. App.2d 155, 158: "It seems rather clear, therefore, that if the transfer originally subject to a gift tax is ultimately subject to an inheritance tax, the credit provision contained in the above statute makes the payment of such gift tax tantamount to a down payment on the inheritance tax. Federal courts have thus viewed a similar gift tax credit provided by section 2012, Internal Revenue Code; thus, in Ingalls v. Commissioner of Int. Rev. (4th Cir.1964) 336 F.2d 874, 876, the court stated that `Double taxation, if any, of the transfer is avoided by allowance of a credit for the earlier paid gift tax. The taxes are not always mutually exclusive. The gift tax amounts to a down payment on the estate tax.' In so holding, the court took cognizance of the declaration in Smith v. Shaughnessy, 318 U.S. 176, 179 [87 L.Ed. 690, 692, 63 S.Ct. 545], that `the [federal] gift tax amounts in some instances to a security, a form of down-payment on the estate tax which secures the eventual payment of the latter; ...'"
(4) The federal estate tax is not a deductible expense expressly allowed by the California Inheritance Tax Law. It is not an expense of administration (§ 13988) or debt of the decedent (§ 13983). It has not been allowed as a deduction since the repeal of section 13989 in 1959, which prior to that time expressly authorized the deduction of the federal estate tax (Estate of Fabris, supra, 200 Cal. App.2d 408).
To permit the deduction of a federal gift tax paid on a gift in contemplation of death under circumstances where, to the extent it is a credit allowed by Internal Revenue Code section 2012 (26 U.S.C. § 2012) the payment is essentially and in reality a payment of the federal estate tax, would be to sanction the circumvention of the law which does not permit the deduction of the federal estate tax and would authorize a deduction which is not expressly provided for and which does not actually reduce the value of the transferred estate at the date of the transferor's death.
In the case at bench, if the gift had not been made, the tax obligation owed to the federal government would have been precisely the same except that it would have been paid only in the form of the federal estate tax. The gift having been made in contemplation of death, there is no difference in substance where the federal estate tax is paid qua federal gift tax. The federal estate tax is still assessed against the same property as of the same date. (5) To the extent the gift tax paid is in reality a federal estate tax payment it cannot be converted into a deductible debt of the decedent by the mere mechanics of filing a gift tax return. The amount *333 of the gift tax allowed as a credit against the estate tax becomes, in effect, a prepayment of the estate tax.
If such a procedure were authorized, a decedent as in this case could avoid a California inheritance tax by the simple expedient of making a gift in contemplation of death and thereby converting what is not deductible, that is, prepaid federal estate tax, to that which would be deductible. Such a position violates the policy of section 13648, which is "... to tax every transfer made in lieu of or to avoid the passing of property by will or the laws of succession." Further, it violates the established principle that "... where two interpretations of the provisions of a statute imposing taxes are urged, that one should, if possible, be adopted which lays the burden of taxation uniformly upon those who bear that burden and who stand in the same degree with relation to the tax, ..." (Estate of Steehler, supra, 195 Cal. 386, 402, remittitur corrected 197 Cal. 67.) (See also Koenig v. Johnson (1945) 71 Cal. App.2d 739, 751 [163 P.2d 746].) To permit the result urged by respondents would cause the burden of the inheritance tax to fall other than uniformly upon those who are required to bear that burden and who stand in the same degree with relation to the tax. It would operate inequitably with respect to those who choose to transfer their property by will or by the laws of intestacy rather than by a transfer in contemplation of death. It would also violate the principle that the amount of the tax should be proportionate to the benefit received (Estate of Rath (1937) 10 Cal.2d 399, 405 [75 P.2d 509, 115 A.L.R. 836]).
Lastly, we are persuaded that the gift tax payment is not deductible under section 13983 to the extent a credit for such payment is applied to the estate tax obligation because it "does not actually reduce the amount of an inheritance or transfer" (§ 13981). On the face of it, the deduction of $82,603.93 from the appraised market value of the estate would obviously reduce the amount each heir would receive from the estate. However, in actuality it does not reduce the value of the estate transferred inter vivos below that which would have been received by the transferees had no gift in contemplation of death been made as the same obligation would be imposed on the testamentary transfer in the form of a federal estate tax. We should look to the basic essence of the transaction and not to outward form. If the gift tax obligation were to be viewed as a debt, then, assuming it was paid, it would become a corresponding credit in the amount of the gift tax payment which would be applied to the federal estate tax obligation. The debt and credit offset each other. It appears to us that the proper method to arrive directly at the substance of the transaction is to disregard both the debt and the credit, rather than to complicate the *334 transaction by treating them as offsetting bookkeeping entries in the computation of the state inheritance tax. (Estate of Rosenfeld (1965) 62 Cal.2d 432 [42 Cal. Rptr. 447, 398 P.2d 783]; Estate of Knapp (1951) 37 Cal.2d 827, 833 [236 P.2d 372].)
The State of New Jersey, upon analogous facts and under similar provisions in that state's law, has held that a federal gift tax paid on a gift made in contemplation of death is nondeductible from the appraised value of an estate in computing the state inheritance tax liability (In re Estate of Shivers (1969) 105 N.J. Super. 242 [251 A.2d 771, 775]). In that case the court said: "There is no obligation to pay the gift tax as a separate liability, in the case of gifts made in contemplation of death, when the same items are included in the federal estate tax return. If a gift tax on such gifts has been paid before the donor dies, it does not affect the computation of the federal estate tax, and the gifts in contemplation of death are includible as assets of the donor's estate and subject to federal estate tax. A gift tax paid on such gifts is a mere credit on account of the calculated federal estate tax. If the gift tax has not been paid, the estate simply receives no credit. In the final analysis, the tax paid, by whatever label is put on it by the executor, is the federal estate tax." (Compare also: McGill v. Oklahoma Tax Commission (Okla. 1953) 258 P.2d 1180, 1183.)
Likewise, upon comparable reasoning, the federal government denies as a deduction in computing federal estate taxes the amount of any state gift tax paid on a gift in contemplation of death which is subsequently credited to the state inheritance tax (Internal Rev. Bull. 1971-31, Rev. Rulings 71-355).
Respondents urge several other points which are persuasive though not controlling in this matter. (6) It is argued that the office of the State Controller has previously allowed as a deduction from the market value of a decedent's estate the payment of a federal gift tax on inter vivos transfers in contemplation of death though the payment or a part thereof has been treated as a credit toward the federal estate tax obligation. The references cited by the parties are far from conclusive on this matter and the Controller is unwilling to concede the complete validity of the point; however, we are inclined to believe that such a deduction was most likely allowed at least prior to the repeal of section 13989 (federal estate tax deduction) in 1959 and to the extent claims for such a deduction were not challenged by the Controller prior to the court's decision in Estate of Kirshbaum, supra, 268 Cal. App.2d 155. Nevertheless, assuming the Controller's past practice to be as respondents urge, we cannot agree *335 that such practice must have a binding effect on the Controller or this court.
"While the construction of a statute by officials charged with its administration, including their interpretation of the authority invested in them to implement and carry out its provisions, is entitled to great weight, nevertheless `Whatever the force of the administrative construction ... final responsibility for the interpretation of the law rests with the courts.' [Citation.] Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations. [Citations.]" (Morris v. Williams (1967) 67 Cal.2d 733, 748 [63 Cal. Rptr. 689, 433 P.2d 697].) (See also: Mooney v. Pickett (1971) 4 Cal.3d 669, 681 [94 Cal. Rptr. 279, 483 P.2d 1231]; Whitcomb Hotel, Inc. v. Cal. Emp. Com. (1944) 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405]; Koshland v. Helvering (1936) 298 U.S. 441, 445-447 [80 L.Ed. 1268, 1272-1273, 56 S.Ct. 767, 769-770, 105 A.L.R. 756]; Social Security Board v. Nierotko (1946) 327 U.S. 358, 368-370 [90 L.Ed. 718, 726-728, 66 S.Ct. 637, 643, 162 A.L.R. 1445].) "Mere failure to act, however, does not constitute an administrative construction. [Citations.] Moreover, an erroneous administrative construction does not govern the interpretation of a statute, even though the statute is subsequently reenacted without change. [Citation.]" (Estate of Madison (1945) 26 Cal.2d 453, 463 [159 P.2d 630].)
Pursuant to respondents' request, we have taken judicial notice of a memorandum from the State Controller's office dated December 18, 1970, addressed to "Attorneys, Examiners and Appraisers." It sets forth the Controller's posture to disallow the gift tax deduction under circumstances as in the instant case (Evid. Code, §§ 459, 452, subd. (c)). The language of this memorandum suggests that the Controller's statements regarding the disallowance of the federal gift tax deduction are predicated on the judicial interpretations of the Kirshbaum case that the gift tax payment, to the extent it is a credit toward the estate tax, is a down payment or prepayment of the estate tax.
(7) We believe the Controller has an obligation to conform state policy and procedure with the laws of California as they are interpreted by the courts of this state (cf. Estate of Newton (1950) 35 Cal.2d 830, 846 [221 P.2d 952, 19 A.L.R.2d 1399]; Estate of Sanford v. Comm'r. (1939) 308 U.S. 39, 53-54 [84 L.Ed. 20, 27-28, 60 S.Ct. 51, 60]; Morrissey v. Commissioner (1935) 296 U.S. 344, 353-355 [80 L.Ed. 263, 268-269, 56 S.Ct. 289, 293-294]; Matson Navigation Company v. Connor (N.D.Cal. 1966) 258 F. Supp. 144, 158, fn. 23). The expression of policy contained in the Controller's memorandum is consistent with the statutory *336 predicate and judicial construction and is therefore entitled to judicial sanction.[2]
Respondents assert that the Controller's position disallowing the federal gift tax payment as a deduction from the market value of the estate to the extent such payment is a credit allowed toward the federal estate tax obligation can only be sanctioned by the enactment of new legislation and not by judicial construction. We reject this contention simply by reference to the controlling statutes and case law now existing and upon which we have relied. The result we reach does not amend or alter any existing legislative enactment but is consonant with and required by the statutes in force as construed by the existing cases.
Next, respondents direct our attention to Internal Revenue Code sections 2012 (26 U.S.C. § 2012) and 2053 (26 U.S.C. § 2053) and Treasury Regulation sections 20.2012-1 and 20.2053-6 to demonstrate that the federal government permits both a credit and a deduction for federal gift tax payments in computing federal estate tax. Treasury Regulation section 20.2012-1, subdivision (a), provides in pertinent part: "A credit is allowed under section 2012 against the Federal estate tax for gift tax paid under chapter 12 of the Internal Revenue Code, or corresponding provisions of prior law, on a gift by the decedent of property subsequently included in the decedent's gross estate. The credit is allowable even though the gift tax is paid after the decedent's death and the amount of the gift tax is deductible from the gross estate as a debt of the decedent."
Though our courts have at times looked to the federal taxing statutes and relevant history for aid in construing our state taxing statutes (cf. Douglas v. State of California (1942) 48 Cal. App.2d 835, 838 [120 P.2d 927]), we do not feel the federal practice in this instance is instructive. Initially, it is noted that California law treats the state gift tax paid on a transfer which is subsequently subject to the state inheritance tax as a credit (§ 14059; 18 Cal. Admin. Code, §§ 14051-14059a) and does not provide for it as a deduction from the market value of the decedent's estate (§ 13982; and cf. 18 Cal. Admin. Code, § 13987(b)) in addition to its application as a credit. It is apparent from the differences in their express provisions the applicable state provisions involved herein were not intended to have the same consequences as the federal provisions which respondents cite (cf. Estate of Law (1958) 50 Cal.2d 345, 357 [325 P.2d *337 449]). Moreover, as previously pointed out, though the federal government apparently treats the federal gift tax payment under these circumstances as both a deduction and a credit, it considers the state gift tax payment credited to state inheritance tax as a nondeductible obligation (Internal Rev. Bull. 1971-31, Rev. Rulings 71-355). In this respect this decision lends judicial sanction to the current practice of the Controller which is thus harmonized with the federal practice.
Respondents argue that as the tax is imposed only on the "clear market value" and is to be determined according to the "beneficial succession" to property (Estate of Skinker, supra, 47 Cal.2d 290, 302 (Carter, J., dissenting); Riley v. Zellerbach (1942) 53 Cal. App.2d 196, 199 [127 P.2d 597]; 26 Cal.Jur.2d 781), the $82,603.93 in federal gift tax must necessarily be deducted from the appraised market value as no willing buyer would pay the appraised value of the estate unless that sum was deducted. But it is inappropriate to attempt to equate "clear market value" and "net succession" with the test for determining market value, that is, the price which a willing buyer would be willing to pay and a willing seller to accept, both having full knowledge of all the pertinent facts and neither being under compulsion to buy or sell.
(8) What a willing buyer will pay for the estate assets as of the date of death has little legal relationship to the "clear market value." The appraised value is a value fixed by an appraisal process as of the date of death without regard to the obligations or liens that may be required to be paid from the estate assets to eliminate liens or obligations against the estate. Thus a willing buyer would purchase the assets of the estate without regard to the gift tax liability so long as the money paid stands in place of the asset purchased.
The "clear market value" concept, on the other hand, is strictly a statutory concept. It is arrived at only by allowing those specific deductions outlined by the inheritance tax law. The deductions listed are limitations on the deductions allowed (§ 13981), and the deductions specified in the article "... and no others, are allowed against the appraised value of the property, ..." (§ 13982) and, as heretofore pointed out, the deductions allowed are not necessarily the same as those paid by the estate (Estate of Skinker, supra, 47 Cal.2d. 290, 294; Estate of Webb, supra, 241 Cal. App.2d 85, 88-91). As we have hereinabove iterated, the federal gift tax paid under circumstances where it is credited against the federal estate tax is not one of those deductions.
Cases cited by respondents to support their position that the federal gift tax should be deductible under section 13983 or 13987 are inapposite *338 since none involved situations where the tax was a credit against a federal or state inheritance tax. Estate of Williams (1913) 23 Cal. App. 285 [137 P. 1067] involved the deductibility of inheritance tax in an estate passing to the first devisee in the estate of the second devisee where it had not been paid at the death of the first devisee. Estate of Hill (1960) 54 Cal.2d 39 [4 Cal. Rptr. 1, 351 P.2d 33] allowed a deduction specifically provided for under section 13987 for county property taxes. National Ice etc. Co. v. Pacific F. Exp. Co. (1938) 11 Cal.2d 283 [79 P.2d 380] involved a challenge to the application of the Retail Sales Tax Act  not the state inheritance tax. Equally inapplicable and for the same reason are references to income taxes unpaid at death and gift taxes which are not a credit against the estate or inheritance tax.
In passing we note another of respondents' contentions that the result of our decision in this case will bring about an inequity in the treatment of taxpayers who, after making inter vivos transfers of property in contemplation of death, pay the federal gift tax prior to death. Under such circumstances respondents suggest the amount of the tax paid to the federal government is never inventoried as part of the decedent's estate, having passed out of possession prior to death; however, the federal credit is still allowed toward the estate tax, resulting in a nontaxable windfall passing to the transferees. The Controller disagrees with respondents in this regard and points out that the subsequent credit which is allowed toward the estate tax obligation under such circumstances is treated by his office as an uninventoried asset in the inheritance tax report and identified as "prepaid federal estate tax." Thus the federal credit becomes a taxable asset of the decedent's estate. In support of his position the Controller relies heavily on the language of Estate of Krishbaum, supra, 268 Cal. App.2d 155; Smith v. Shaughnessy (1943) 318 U.S. 176 [87 L.Ed. 690, 63 S.Ct. 545] and Ingalls v. C.I.R. (4th Cir.1964) 336 F.2d 874. We do not find it necessary for resolution of the case at bench to decide the merits of the Controller's procedure for taxing the federal gift tax credit where the gift tax is paid prior to the donor's death. We mention it only to point out that the current practice of the Controller avoids the hypothetical inequity suggested by respondents.
(1b) The order is reversed.
Stone, P.J., and Gargano, J., concurred.
Respondents' petition for a hearing by the Supreme Court was denied September 7, 1972.

*339 APPENDIX A
The following statements were and are agreed upon by the parties to this appeal as the result of a stipulation (C.T. 18), Addendum (C.T. 22), and Clarification (C.T. 53) reduced to writing and presented to the trial court prior to the submission of this matter:
1. That the decedent Antonio Giolitti, also known as A. Giolitti, died on May 9, 1966, a resident of the County of Fresno, State of California, leaving no estate subject to administration under the California Probate Code.
2. That at the time of his death said decedent already had disposed of all of his property, principally by inter vivos transfers subject to inheritance tax under provisions of the Inheritance Tax Law (sections 13301 et seq., California Revenue and Taxation Code), through or concurrently with his creation of the so-called A. Giolitti Trust(s).
3. That at the time of said decedent's death the market value of the property included in said transfers was $453,586.86. (The parties to this stipulation mutually understand and agree that said sum is the appraised value of said property, that said appraised value did not make any allowance for any liability for payment of the federal gift tax due and payable on said transfers, that said federal gift tax was fixed and paid after the decedent's death and after said appraised value already was determined without allowance for said federal gift tax liability, that said transfers were made in part subject to a trust instrument authorizing and directing the trustee "to pay any gift taxes that may be due the federal or state government caused by any gifts made during trustor's life," and that said federal gift tax accordingly was paid pursuant to said decedent's authorization and direction in said trust instrument.)
4. That said transfers were also made subject to gift tax under provisions of the Gift Tax Law (sections 15101 et seq., California Revenue and Taxation Code), with the property included therein valued as of the date of said transfers; and accordingly, petitioners Leon N. Wade as "executor" and Joseph Giolitti (also son and transferee of said decedent) as "trustee" on or about April 13, 1967, filed with the State Controller a gift return of said transfers, whereupon (during the month of August, 1969) a gift tax determination was made by the State Controller and the gift tax as thus determined was paid by the said Leon N. Wade and/or Joseph Giolitti in the sum of $14,924.71.
5. That said transfers were likewise made subject to both estate and gift taxes imposed by the United States Government under sections 2001 et seq. of the Internal Revenue Code of 1954, with the result that the taxes thereunder imposed upon said transfers, which now have been finally fixed and paid by said decedent's lawful representative(s), insofar as pertinent to the determination of inheritance tax herein, were fixed and paid as follows: The federal gift tax was fixed and paid in the sum of $82,603.93, and this sum then was credited against the federal estate tax in accordance with section 2012 of said code. Furthermore, the California gift tax, determined and paid as hereinabove stated, was credited to the extent of approximately $4,830 (the maximum sum allowed by the federal estate tax law) against the federal estate tax in accordance with section 2011 of said code. Thus the federal estate tax as finally fixed and paid under said code was offset by sums already fixed and paid as federal and California gift taxes upon said transfers.
6. That in determining the clear market value of said transfers under the Inheritance Tax Law, deductions totaling $23,668.50 are allowable; and that the sum of $23,668.50 accordingly shall be allowed as deductions in fixing the inheritance tax herein in lieu of all deductions that may be set forth in the report of inheritance tax appraiser herein. (The appraiser, Mr. Vergil L. Gerard, concurred in this stipulation.)
7. That except for their objection that the aforesaid federal gift tax in the sum of $82,603.93 should likewise be allowable and allowed as a deduction, said petitioners and their attorney expressly waive all objections to said report, waive all *340 claims to further deductions (whether or not set forth in any petition(s) or objection(s) or report(s) herein filed), and agree that no other deductions of any kind whatever now are or hereafter may be allowable or allowed in determining the clear market value of any property or interest therein passing from said decedent subject to inheritance tax.
8. That the said sum of $82,603.93 paid as federal gift tax on said transfers has not been and will not be allowed as an exemption or deduction in determining the value of said decedent's taxable estate under sections 2051 et seq. of the Internal Revenue Code of 1954, but said sum was in fact paid on or about April 7, 1967, by Joseph Giolitti as trustee of the said A. Giolitti trust(s). Said petitioners and their attorney state that the payment of said sum has not been refunded in whole or in part and it now stands as a final, nonrefundable payment by or in behalf of said decedent's transferee(s).
9. That said petitioners and their attorney may file and serve herein an amended objection to said report, limited to points and authorities in regard to the deductibility of said sum of $82,603.93 as a debt of said decedent, and may therein assert by whatever theory they choose, the contention that the aforesaid market value should have been reduced by the sum of $82,603.93 (in addition to the sum of $23,688.50) in arriving at the clear market value of the property transferred by the decedent subject to inheritance tax.
10. That if said petitioners' amended objection is overruled, the inheritance tax due upon said transfers is calculated as follows:

 FIRST ALTERNATE
Fair Market Value ............... $453,586.86
Total Deductions ................ 23,668.50
 ___________
Clear Market Value .............. $429,918.36
Joseph Giolitti, Son Tax
 43.62% $187,530.39 $9,277.13
 Gift Tax Cr. 7,575.77
 _________
 $1,701.36
Virginia Tavlan, Daughter
 28.17% $121,193.99 $4,633.58
 Gift Tax Cr. 3,674.47
 _________
 $959.11
Marian Schultz, Daughter
 28.19% $121,193.99 $4,633.58
 Gift Tax Cr. 3,674.47
 _________
 $959.11
 _________
 $3,619.58
 =========

*341 11. That if said petitioners' amended objection is sustained, there is no inheritance tax due upon said transfers, calculated as follows:

 SECOND ALTERNATE
 (Deductions increased by the sum of $82,603.93)
Fair Market Value ................ $453,586.86
Total Deductions ................. 106,272.43
 ___________
Clear Market Value .............. $347,314.43
Joseph Giolitti, Son Tax
 43.62% $151,498.55 $6,754.90
 Gift Tax.Cr. 6,754.90 0
 _________
Virginia Tavlan, Daughter
 28.19% $97,907.94 $3,066.32
 Gift Tax Cr. 3,066.32 0
 _________
Marian Schultz, Daughter
 28.19% $97,907.94 $3,066.32
 Gift Tax Cr. 3,066.32 0
 ____________ _________
 $347,314.43 0

NOTES
[1] References to code sections in this opinion, unless otherwise indicated, will be to the Revenue and Taxation Code of the State of California.
[2] Furthermore, as we read the language of the now existing regulations promulgated by the State Controller to implement the state Inheritance Tax Law in this respect (18 Cal. Admin. Code, §§ 13983(a)-13983(e)), we find no inconsistencies or contradictions contained therein which would have required amendment to accommodate this recently expressed policy.