[Civ. Nos. 40535, 40938. Second Dist., Div. Two. Aug. 31, 1973.]

Estate of CORA F. DESMOND, Deceased.
PAULINE ROBINSON ROSSO, as Co-executrix, etc., et al.,
Petitioners and Appellants, v.
HOUSTON I. FLOURNOY, as State Controller,
Defendant and Respondent.

### COUNSEL

Eugene L. Wolver for Petitioners and Appellants.

Myron Siedorf, Walter H. Miller and Bettina A. Bate for Defendant and Respondent.

### OPINION

**FLEMING, J.**—Appeals from orders denying modification of inheritance tax and dismissing a "petition in equity" for modification of inheritance tax.

Cora Desmond died in April 1964 leaving an estate valued at $500,000.[1] A will which left the bulk of the estate to Pauline Rosso, Olga Robinson, and their close relatives was admitted to probate. In January 1965 the probate court approved an order fixing inheritance tax based on a valuation of $500,000. Meanwhile, in December 1964 three Wisconsin religious institutions petitioned for revocation of probate of the will, and in May 1965 filed for probate as a last will an earlier will that had left the bulk of the estate to the religious institutions. In September 1968 the probate court approved an agreement between the contending parties, under which the contested probate of the admitted will was dropped, and $180,000 was paid out of the estate to the religious institutions. The probate court also approved payment from the estate of $120,000 for administrative and legal fees incurred in connection with the will contest and settlement.

In July 1970 Rosso and Robinson, as executors of the estate under the now-unchallenged will, petitioned for modification of the order fixing inheritance tax,[2] and requested that the value of the estate be reduced by $300,000, the amount paid out in connection with the will contest and

---

[1] For convenience, dollar amounts are approximated.

[2] Revenue and Taxation Code section 13985, provides in pertinent part: "If an item which is allowable as a deduction in computing the tax under this part is established or paid after the order fixing tax is made, the order may on petition after notice to the Controller be modified equitably."

settlement. The probate court denied the request for modification. Rosso and Robinson then filed in the superior court a "petition in equity." to set aside the order fixing inheritance tax on grounds of fraud, mistake, and general equitable principles. The court sustained a demurrer to the amended petition without leave to amend.

1. ■ Appellants first contend the probate court erred in refusing to make findings of fact in connection with the order that denied modification of the order fixing inheritance tax. We find no error. Code of Civil Procedure section 632 requires findings of fact and conclusions of law only "upon trial of a question of fact." The facts were uncontested. The sole issue was one of law, whether or not payments from the estate were deductible for inheritance tax purposes. Under these circumstances no specific findings of fact or conclusions of law were required. (See *Johnson* v. *Security Ins. Co.,* 6 Cal.App.3d 839, 844-845 [86 Cal.Rptr. 133].)

2. Appellants' primary attack on the order of the probate court is directed at the court's failure to allow payments for settlement of the will contest and for related administrative expenses to be deducted from the value of the estate for inheritance tax purposes.

■ Appellants first argue that payments to the religious institutions should be considered debts of the estate. However, Revenue and Taxation Code section 13983 permits deduction only for "[d]ebts of a decedent owed by him at the date of his death. . . ." The religious institutions entered the probate arena not as creditors but as potential beneficiaries under an earlier will. The record contains no evidence that Desmond incurred any enforceable obligation to the religious institutions during her lifetime. ( Cf. *Estate of Vai,* 65 Cal.2d 144 [52 Cal.Rptr. 705, 417 P.2d 161].)

■ Appellants then argue that inheritance tax should be imposed only on the "net succession" to the assets of the estate. They complain that assets went to the religious institutions but that the taxes fell on them. *Estate of Beville,* 66 Cal.App.2d 271 [152 P.2d 229], answers this argument. In *Beville,* charities were the major beneficiaries under the decedent's will. Decedent's heirs at law challenged the will, and the probate court set aside the bequests to the charities. The charities appealed, and the contending parties then reached a settlement under which the charities abandoned their appeal and received some of the estate's assets. Subsequently, the heirs at law objected to the order fixing inheritance tax that taxed them in amounts which included the value of the property received by the charities. In upholding the order fixing tax the Court of Appeal reasoned: "It is well settled by law that an inheritance tax is levied upon each share of the decedent's estate which is by him bequeathed to a legatee or which such

person inherits from any one who dies intestate. It therefore follows in the instant case that the entire residuary estate should be assessed to the charities if the provisions of the will in their favor are held to be valid, and, if such provisions of the will are invalid, then the entire residuary estate should be assessed to the heirs at law, because, if the bequest to the charities be invalid, then the heirs at law became the owners of the residual estate upon the death of the testatrix. . . .

"[T]itle to the property attempted to be devised to the charities vested in the heirs at law of the decedent at the moment of her death. What such heirs might choose to do with the estate in whole or in part by way of compromise with the charities could not affect the right of the state to the inheritance tax, which also vested upon the death of the testatrix. In such a situation, the action of the heirs at law was a mere voluntary conveyance or transfer of property to which they were entitled by reason of the intestacy of the testatrix insofar as their portion of the estate was concerned. If the decree of the court as modified on appeal invalidated the provisions of the will affecting the charities and thereby conferred certain rights of inheritance upon the heirs at law, the latter, it is true, might waive or relinquish such rights, but in so doing they cannot affect the rights of third parties—in this instance the State of California—which was not a party to the probate proceedings." (Pp. 277, 278.)

The same result was reached in *Kelso* v. *Sargent,* 11 Cal.App.2d 170 [54 P.2d 26], where in upholding the assessment of inheritance tax the court said: "The tax is levied upon each share of the decedent's estate which is by him devised or bequeathed to a legatee or which such person inherits when anyone leaves property, dying intestate. [Citations.]

Agreement among heirs cannot change the right of the state to the inheritance tax, nor does it change the basis upon which the tax is computed. [Citations.]" (P. 177.) To same effect see *Cohn* v. *Cohn,* 20 Cal.2d 65, 68 [123 P.2d 833].

3. Appellants next contend that for inheritance tax purposes they should have been permitted to deduct administrative and legal expenses incurred in the will contest and settlement because as executors they were required to defend the will. (*Estate of Dunton,* 15 Cal.App.2d 729, 731 [60 P.2d 159].)

The statutes determine what items may be deducted for inheritance tax purposes from the value of an estate. Appellants must point to a particular provision that secures to them the right to a deduction. (*Estate*

*of Webb,* 241 Cal.App.2d 85, 93 [50 Cal.Rptr. 397].) Allowable deductions are not necessarily the amounts actually and properly paid out by the estate. (*Estate of Giolitti,* 26 Cal.App.3d 327, 337 [103 Cal.Rptr. 38].) Revenue and Taxation Code section 13982 states unambiguously: "In determining the market value of property included in any transfer subject to this part, the deductions specified in this article, *and no others,* are allowed against the appraised value of the property, . . ." Specified deductions include debts owed at death (§ 13983), expenses of last illness and of the funeral (§ 13986), tax and assessment liens (§ 13987), ordinary expenses of administration (§ 13988), and certain extraordinary expenses of administration (§ 13988.1). Thus in *Estate of Giolitti, supra,* 26 Cal.App.3d 327, 337, the taxpayers claimed as a deduction from the value of the estate for inheritance tax purposes federal gift taxes paid on gifts made by a decedent in contemplation of death. The court denied the claim because no specific statutory provision permitted deduction of federal gift taxes.

The expenses claimed by appellants fall within none of the authorized categories of deductions. Section 13988 provides that *ordinary* expenses of administration are deductible, and it defines ordinary expenses as ordinary commissions and ordinary fees computed under the Probate Code on the value of the decedent's estate on the date of death. Section 13988.1 permits deduction of additional attorneys' fees in actions to establish the fact of death and in certain tax proceedings not germane here. Persuasive, if not binding, is the Controller's interpretation since 1959 that these sections do not authorize ·deductions for extraordinary expenses of administration. Title 18, California Administrative Code, chapter 2.5, subchapter 1, regulation 13988(g) states in part, "Except to the extent permitted by Section 13988.1, extraordinary expenses of administration are not allowable as deductions. Included among such nondeductible expenses are the following: (1) *Expenses,* including attorneys' fees and costs of proceedings, incurred in connection with contested or litigated claims against the estate or *in connection with will contests.*" (Italics added.)

4. ▉ Appellants' final contention is that the demurrer to their petition in equity to set aside the order fixing inheritance tax should have been overruled. The petition sought relief on grounds of fraud, mistake, and general equitable principles. Patently, fraud and mistake in any recognizable form were not involved. But, appellants argue, relief on general equitable principles was authorized because all parties to the settlement of the will contest understood that the inheritance tax would be redetermined. That understanding does not bind the Controller, who was not a party to those proceedings; nor does it countermand the dictate of the

Revenue and Taxation Code, which fixes inheritance tax at the date of death in accordance with the disposition of the estate under the will and disallows the expenses of a will contest as a deduction from the value of the estate.

The orders are affirmed.

Roth, P. J., and Compton, J., concurred.

A petition for a rehearing was denied September 27, 1973, and appellants' petition for a hearing by the Supreme Court was denied November 21, 1973.