105 N.J. Super. 242 (1969)
251 A.2d 771
IN THE MATTER OF THE ESTATE OF CLIFFORD H. SHIVERS, LATE OF GLOUCESTER COUNTY, NEW JERSEY.
Superior Court of New Jersey, Appellate Division.
Argued February 17, 1969.
Decided April 1, 1969.
*244 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. David E. Crabtree argued the cause for appellant.
Mr. T. Robert Zochowski, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Deputy Attorney General, of counsel).
The opinion of the court was delivered by KILKENNY, J.A.D.
This is an appeal from a final determination of the New Jersey Transfer Inheritance Tax Bureau fixing the amount of inheritance taxes payable by the Shivers Estate. The executor first challenges the propriety of including as part of the taxable estate, as gifts made in contemplation of death, certain substantial 1964 transfers made by decedent to his two daughters about one year before his death in 1965. The second issue involves the State's disallowance, as a deductible item, of the sum paid by the executor to the Federal Government on those transfers as a purported "debt" due under the Federal Gift Tax Act.

*245 I
Decedent, a New Jersey domiciliary, died on June 21, 1965. On April 20, 1964 and June 25, 1964 he transferred, without consideration, to his two daughters Katherine S. Hallock and Mary Ann S. Ziegler income tax-exempt municipal bonds having a market value of $298,606.50 as of the date of his death.
On April 20, 1964 approximately $14,200 was given in bonds to each daughter; on June 25, 1964 each daughter received about $134,500 in bonds. At the time of the transfers the bonds were worth $299,087.16.
The United States Internal Revenue Service and the New Jersey Inheritance Tax Bureau found that those transfers were made in contemplation of death. Both agencies treated the items as part of decedent's estate in calculating the amount of the federal estate tax and the New Jersey inheritance tax due from this estate.
There was substantial evidence supporting the administrative findings, in addition to the provision under our law that any transfer made as a gift within three years prior to decedent's death is deemed, in the absence of proof to the contrary, to have been made in contemplation of death and includible in decedent's estate, in calculating the amount of inheritance taxes payable to the State. N.J.S.A. 54: 34-1(c). The transfers in issue were concededly gifts.
Were they made "in contemplation of death"? The applicable criteria and standards to resolve this issue have been set forth recently in In re Lichtenstein, 52 N.J. 553, 569 (1968). The presumption that the gift within three years of death was made in contemplation of death places an obligation on the taxpayer to establish by a preponderance of the evidence that it was not in contemplation of death. It is sufficient for taxability to find an "impelling" motive to make the gift in lieu of testamentary disposition.
The executor claims that the transfers do not come within the "three years prior to death" rule because the decedent *246 intended the gifts to be effective in 1957 when he first placed the initial group in a safe deposit box in a bank. The box was registered in the names of his two daughters, but it was also registered in his name as "Deputy." He was the only one to enter the box from June 7, 1957 to June 23, 1964. He kept the safe deposit box key. He clipped the coupons and retained the income which was deposited in his account. The box was surrendered on June 25, 1964. Significantly, it was on the last-mentioned date that actual delivery of the bonds was made to the daughters.
The deposit of bonds in the safe deposit box in 1957 did not legally effect a gift thereof at that time. Decedent retained control of them. See In re Posey, 89 N.J. Super. 293, 304 (Cty. Ct. 1965), affirmed 92 N.J. Super. 259 (App. Div. 1966). He negated any donative intent by clipping the coupons and retaining the income which he placed in his own account. There was, under the circumstances, no delivery to the donees in 1957. Hence, the estate's contention that the gift was made in 1957, rather than in 1964, lacks merit. The mere intent to make a gift inter vivos to be consummated in the future is legally insufficient. In re Dodge, 50 N.J. 192, 216 (1967).
There was substantial evidence to support the findings that those substantial transfers made by decedent to his two daughters only about a year before he died were gifts made in contemplation of death. Decedent's gifts to his two daughters in the prior years of his lifetime were relatively meager, considering his considerable possessions. Concededly, there was no consideration paid for these bonds, which approximated $300,000 in value. They represented a material part of decedent's estate  about 25% of a gross estate of $1,146,005.62. The net estate, including these transfers, was $1,052,910.34.
Decedent was 86 years old at the time of the transfers. He was 87 when he died a year later. The cause of his death was myocardial infarction due to arteriosclerotic heart disease. On April 20, 1964 he executed his last will and testament, *247 and it was on that same day that he made some of the transfers. This is suggestive of his awareness of tax consequences, as is his substantial holdings of municipal income tax-free bonds.
The totality of the proofs, the presumption under N.J.S.A. 54:34-1(c) and the substantial evidence rule (cf. In re Public Service Electric and Gas Co., 35 N.J. 358, 376 (1961)), compel the conclusion that the transfers in issue were gifts made in contemplation of death and includible in decedent's estate for inheritance tax purposes.

II
We next consider the estate's claim that the unpaid federal gift tax liability for the 1964 transfers, paid by his executor after his death, was a legally due "debt" of the decedent owing at his death and, therefore, an allowable deduction for New Jersey transfer inheritance tax purposes under N.J.S.A. 54:34-5(a).
Our Inheritance Tax Bureau had disallowed this item, which amounted to $52,368.39, on the ground that the Internal Revenue Service had also treated the transfers as gifts in contemplation of death and includible as assets of the estate for federal estate tax purposes. After computing the amount due under the Federal Estate Tax Act, the Internal Revenue Service gave the estate a "credit" against the amount due for federal estate taxes to the extent of the amount paid as a gift tax. In brief, the amount paid by the executor as a purported "gift tax" was regarded merely as a "down payment" on account of the federal estate taxes, which apply to gifts made in contemplation of death. Obviously, an estate would rather pay the lower gift tax upon such transfers made in contemplation of death than the higher federal estate tax.
N.J.S.A. 54:34-5 enumerates the allowable deductions in computing our State's inheritance taxes. They include "debts" of a decedent owing at the time of his death. Subdivision *248 (e) expressly declares nondeductible "a federal estate tax." It provides:
"Transfer taxes paid or payable to other states or territories or the District of Columbia or foreign countries on any property the transfer of which is taxable hereunder [are allowable deductions], but the amount due or paid the government of the United States as a federal estate tax shall not be considered as an expense of administration and shall not be allowed as a deduction." (Emphasis ours)
The Internal Revenue Code (26 U.S.C.A. § 2012) states that if a gift is made and a gift tax is paid either by the decedent or his representative, and if that gift is determined to have been made in contemplation of death, that gift becomes part of the decedent's estate and the tax paid thereon is to be credited against the federal estate tax levied. This also applies to gift taxes unpaid at decedent's death. See Federal Estate Tax Regulation, § 20.2012-1(a).
In McGill v. Oklahoma Tax Commission, 258 P.2d 1180, 1183 (Okla. Sup. Ct. 1953), it was held that gifts made in contemplation of death and, therefore, subject under the Federal Estate Tax Act to the payment of federal estate taxes, were subject to a contingent gift tax liability that disappeared upon the death of the donor. The gift tax could not be enforced against a decedent's estate after his death. Upon his death the tax on gifts in contemplation of death reappeared as an estate tax "and such a debt is not deductible" under Oklahoma's inheritance tax law.
In Smith v. Shaughnessy, 318 U.S. 176, 63 S.Ct. 545, 87 L.Ed. 690 (1943), it was pointed out that where a gift tax is paid on transfers in contemplation of death, it merely constitutes a "down payment" on the estate tax that is subsequently imposed on the transfers. As the court expressed it:
"Under the statute the gift tax amounts in some instances to a security, a form of down-payment on the estate tax which secures the eventual payment of the latter; it is in no sense double taxation * * *." (At p. 179, 63 S.Ct., at p. 547) *249 The federal gift and estate tax laws are closely related. "Congress has provided as its plan for integrating the estate and gift taxes this system of secured payment on gifts which will later be subject to the estate tax." (Ibid.)
The gift tax and the estate tax are not mutually exclusive in the case of a gift made in contemplation of death. The fact that a gift was made must be reported within the time fixed by the Gift Tax Law. Failure to do so subjects the donor to penalties, in the absence of a showing of excusable neglect. Here, report of the 1964 taxes should have been made by April 15, 1965. It was not filed until March 2, 1966, and then by the executor of the donor's estate. Because the report was 11 months overdue, penalties amounting to $12,949.65 were assessed against and paid by the estate. The executor sued in the United States District Court for the District of New Jersey for a refund of the $12,949.65 penalty, assessed for the delinquent filing of the federal gift tax return for the 1964 gifts. Relief was denied upon the ground that the delinquent filing was due to willful neglect both by the donor and the executor. The court found the executor's excuse that it was "too busy" with other matters insufficient cause to avoid the obligation of timely filing. The attempt to find reasonable cause for the delay in the donor's physical and mental condition was found to be inadequate in the light of his timely filing of his income tax return, "legibly signed" by him.
The attorney for the estate has furnished us, after oral argument, with a copy of the District Court's opinion of October 4, 1968, dismissing the executor's suit for a refund of the penalty. The attorney advised paying the federal estate tax, which included in the return the 1964 gifts, and also paying the penalty for the delinquency in filing the gift tax return, and then seeking a refund. The executor now argues that the gift tax liability is a completely separate and independent liability as demonstrated by the fact that the above-mentioned penalty for a delinquent gift tax return was upheld by the District Court.
*250 We do not subscribe to that argument. The penalty was for a willful neglect of filing the gift tax report within the time required by law. There is no obligation to pay the gift tax as a separate liability, in the case of gifts made in contemplation of death, when the same items are included in the federal estate tax return. If a gift tax on such gifts has been paid before the donor dies, it does not affect the computation of the federal estate tax, and the gifts in contemplation of death are includible as assets of the donor's estate and subject to federal estate tax. A gift tax paid on such gifts is a mere credit on account of the calculated federal estate tax. If the gift tax has not been paid, the estate simply receives no credit. In the final analysis, the tax paid, by whatever label is put on it by the executor, is the federal estate tax. Our law, as noted above, expressly states:
"* * * the amount due or paid the government of the United States as a federal estate tax * * * shall not be allowed as a deduction."
The determination of the New Jersey Inheritance Tax Bureau is affirmed.
CONFORD, S.J.A.D., (dissenting in part).
I agree with so much of the court's opinion as sustains the determination of the Transfer Inheritance Tax Bureau that the 1964 transfers by the decedent to his daughters were gifts in contemplation of death. I disagree with the decision to the extent that it holds that the gift taxes due the Federal Government at the decedent's death in respect of those gifts, and later paid by the executor with interest and penalty, were not deductible from the decedent's estate as debts on the asserted thesis that they were an "amount due or paid the government of the United States as a federal estate tax," within the coverage of the exclusion set forth in N.J.S.A. 54:34-5(e).
It is quite clear from the federal Internal Revenue Code and Regulations that the federal gift tax is a completely separate and independent entity vis a vis the federal estate *251 tax, nothwithstanding that in some respects they intermesh in the overall federal tax policy in relation to these types of disposition. The gift tax was absolutely due and owing by the decedent before and as of the time of his death, as a gift tax return with accompanying payment was due in April 1965 (death occurred June 21). 26 U.S.C.A. §§ 6019, 6075(b); 6151 and Regulations § 25.6151-1. By contrast, the federal estate tax return was not due or the tax payable until 15 months after the decedent's death. 26 U.S.C.A. § 6075(a). Moreover, the gift is valued as of date of gift, 26 U.S.C.A. § 2512, whereas the estate is valued, ordinarily, as of date of death. Id., § 2031(a).
As an enforceable pecuniary obligation of decedent at his death (as well as of his estate after his death) the gift tax was a debt deductible from his gross estate for New Jersey transfer inheritance tax purposes. N.J.S.A. 54:34-5(a). See Sullivan v. Margetts, 9 N.J. Super. 189, 194 (App. Div. 1950).[1] That deduction should not be held cancelled by a later exclusion in the same statutory section unless the exclusion explicitly calls for that result, and I cannot conceive that an exclusion for "an amount due" or paid as a "federal estate tax" should be read to include an amount in fact due and paid as a "federal gift tax," in view of the distinct character of each of these taxes in the federal statutory tax scheme. It is basic that even in cases of doubt a taxing statute will be construed most strongly against the government and in favor of the citizen. Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 528-529 (1964); American Can Co. v. Director of Division of Taxation, 87 N.J. Super. 1, 13 (App. Div. 1965), certification denied 44 N.J. 587 (1965).
*252 The entirely disparate character of the gift tax involved in this case was brought home to this taxpayer when the estate was required to pay a substantial statutory penalty for decedent's failure to pay the tax in April 1965 when it came due (see this court's opinion). The here relevant lesson of that experience was that the estate could not have prevailed on the plea that it should not be penalized for lateness in payment because the gift tax was only a so-called "down-payment" on the federal estate tax, and that that exaction was not due until later. The fact that the federal statute allows a credit, in computation of the net federal estate tax payable, in respect of any gift tax paid with respect to a transfer when the value of the transferred property is included in the gross estate (26 U.S.C.A. § 2012), does not alter any of the special and distinguishing incidents of the gift tax  the time the return is due, the time payment is due, valuation dates, penalties, rates, exemptions, etc. That credit in no proper sense alters the character of the gift tax when paid as a gift tax (as distinguished from an estate tax), nor of the obligation of payment, where unpaid as of the time of death, as here, as a debt of the estate.
The extent of the error of the Bureau here is more fully appreciated if one contemplates the situation which would have been presented had decedent paid the gift tax prior to his death, as he should have done under the Code and Regulations. In that case the gross estate at death would inescapably have been less by the amount of that payment and incontestably not subject to augmentation by that sum for New Jersey inheritance tax purposes. This would have been no less true notwithstanding the circumstance that the amount of such gift tax payment would still have been creditable against the computed federal estate tax, pursuant to section 2012 of the Code and the Regulations. Can it be reasonably supposed that the New Jersey Legislature contemplated a difference in inheritance tax result dependent upon whether the federal gift tax was paid subsequent rather *253 than prior to the death of the decedent? The question is self-responsive.
The "down-payment" language from the Supreme Court opinion in Smith v. Shaughnessy, 318 U.S. 176, 179, 63 S.Ct. 545, 87 L.Ed. 690 (1943), quoted in the opinion of the majority and relied upon by the State, does not derogate from the soundness of the views expressed above. That language was merely a loose description of a collateral effect one might figuratively attribute to the relationship between the gift and estate taxes in some applications. It is not controlling, or even helpful, in resolving the instant problem of construction of the New Jersey statute. The actual decision in Shaughnessy tends rather to emphasize the discrete and independent character of federal gift and estate taxes in its holding that a gift tax on the grant of a remainder after a life estate was not invalid by mere reason of the fact that the same remainder would also be included in the value of the gross estate subject to estate tax. See also Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772 (1932).
As for McGill v. Oklahoma Tax Commission, 258 P.2d 118C (Okl. Sup. Ct. 1953), also relied upon by the court, I regard it as poorly reasoned. It is simply incorrect to say, as that opinion did, that the 1949 gift tax there paid by the executor was, because of the federal statutory credit, "a Federal estate tax when paid and not a Federal gift tax" (at p. 1183). I think I have demonstrated the error thereof hereinabove. That court was also wrong, in my opinion, in saying that the 1949 gift tax liability "was a contingent liability that disappeared upon death" (ibid.). To the contrary, the liability, qua gift tax liability, survives to the executor. (Regulations, § 25.2502-2)
I thus conclude that the gift tax owing as of decedent's death was a deductible debt under N.J.S.A. 54:34-5(a) and that the right of deduction was not destroyed by reason of any notion of the tax having become transmuted into a federal estate tax excluded from deduction under (e) of the cited section.
NOTES
[1] It is of interest that the gift tax was also a debt deductible from the gross estate for purposes of determining the federal estate tax. See Regulations, § 20.2012-1(a) (second sentence). Notwithstanding this, the credit for gift tax against federal estate tax still applies. Ibid. In other words, federal law gives the taxpayer the precise deduction, for federal estate tax purposes, which the Bureau refused the taxpayer here, in precisely the same factual situation, for New Jersey inheritance tax purposes.