[S.F. No. 23142. In Bank. Aug. 28, 1975.]

Estate of EDWARD SCHMALENBACH, Deceased.
HOUSTON I. FLOURNOY, as State Controller,
Petitioner and Appellant, v.
MARGARET SCHMALENBACH, Objector and Respondent.

COUNSEL

Myron Siedorf, Milton D. Harris, James R. Birnberg and Edward T. Hogan for Petitioner and Appellant.

Spridgen, Barrett, Achor, Luckhardt, Anderson & James, Kirt F. Zeigler and Gerald W. Gray for Objector and Respondent.

Agnew, Miller & Carlson, T. E. Calleton, Stanley H. Williams, Thomas B. McGuire, Robert C. Alexander and Heller, Ehrman, White & McAuliffe as Amici Curiae on behalf of Objector and Respondent.

OPINION

**WRIGHT, C. J.**—The State Controller appeals from an order fixing the inheritance tax in the estate of Edward Schmalenbach, deceased. At issue is whether state and federal gift taxes accrued and payable at the time of death and paid after death on transfers subject to California inheritance and federal estate taxes are deductible in determining the clear market value of the estate upon which the state inheritance tax is computed. We conclude, contrary to the conclusion of the trial court, that such gift tax obligations are not deductible and accordingly reverse the order.

Prior to his death in 1969, the decedent, Edward Schmalenbach, conveyed separate property assets to himself and his wife as joint tenants. He died 3 months later at the age of 84 years. The duly appointed inheritance tax referee determined that the transfers taking place at death were subject to inheritance tax and appraised the assets so transferred at a value of $494,011.96 as of the date of death.[1] Allowed deductions, which included debts of the decedent and which totaled $5,357.27, reduced the clear market value to $488,654.69.[2] After marital

---

[1]Although the *inter vivos* transfers constituted gifts and were thereby subject to both federal and state gift taxes at the time of the transfers into joint tenancy, it is conceded that upon the death of decedent the survivor's right to "immediate ownership or possession and enjoyment of the property is a transfer subject" to the inheritance tax "to the same extent as though the property had belonged absolutely to the decedent and been devised or bequeathed by him to the survivor. . . ." (Rev. & Tax. Code, § 13671.) It is further conceded that the transfers were also subject to federal estate tax.

Except as otherwise indicated all statutory references hereinafter are to sections of the Revenue and Taxation Code, sometimes cited herein as the code.

[2]Section 13983 provides: "Debts of a decedent owed by him at the date of his death are deductible from the appraised value of property included in any transfer subject to this part made by the decedent."

and special exemptions the inheritance tax was computed at $29,436.93. A credit of $18,237.74 was allowed for state gift taxes paid after the death of decedent on account of the *inter vivos* transfers, leaving a net inheritance tax due of $11,199.19.[3] Timely objections were filed by the surviving spouse in which she claimed that the referee erred in failing to allow as additional deductible debts of the decedent the $18,237.74 obligation due the state and a further obligation of $14,829.62 due the federal government for gift taxes on the same transfers.[4]

The court sustained the objections to the report and, after directing the amendment of the report and the preparation of a formal order, made and filed the order from which the present appeal was taken.

Before turning to the merits we deal with a patently frivolous claim that the notice of appeal was not timely filed because the 60-day period for filing such notice commenced to run when the court directed the amendment of the report and preparation of a formal order and, based on such date, had expired prior to the filing of the notice. Not the least of the flaws in this contention is that the particular court order purports only to sustain the objections to the report and does not itself amend the report or fix the inheritance tax. As it is not an order fixing the inheritance tax it is not itself an appealable order. (*Estate of Rowell* (1955) 132 Cal.App.2d 421, 423-424 [282 P.2d 163]; see Prob. Code, § 1240.) The time for taking an appeal commenced to run only after the order fixing the tax had been entered, and the notice of appeal therefrom was timely filed. (See Cal. Rules of Court, rule 2.)[5]

---

[3]Section 14059 provides in pertinent part: "The inheritance tax payable on an includible gift shall be reduced by a gift tax credit equal to the gift tax paid on the includible gift."

[4]The gift taxes were assessed against one-half the total property transferred in joint tenancy, the transferor retaining an equal interest as a joint tenant. The whole of the property transferred in joint tenancy and vesting in the survivor at the death of the transferor, however, is subject to the inheritance tax. (§ 13671.)

In resolving the objector's claims we note the distinction between items which are deductible and items for which a credit is allowed. The gift tax actually paid to the Controller in these circumstances may be claimed as a credit against the state inheritance tax (see § 14059), as otherwise'both a gift and an inheritance tax would be paid on the same transfer. Additionally, it is claimed by the objector, an amount equal to the sum of the state and federal gift taxes due but not paid at death should be deducted from the appraised value of the estate to arrive at the "clear market value" inheritance tax base upon which the tax is computed (§§ 13312, 13402). Such taxes, objector asserts, were debts of the decedent which were required to be paid and thereby reduced the clear market asset value actually received by the transferee.

[5]The appeal was noticed as from the order "sustaining objections to report of inheritance tax referee and fixing inheritance tax." As an order sustaining objections is not appealable, the appeal as to that portion of the order is dismissed. (See *Estate of Nunn* (1974) 10 Cal.3d 799, 803, fn. 1 [112 Cal.Rptr. 199, 518 P.2d 1151].)

■ The substantive issues before us are twofold: (1) whether state and federal gift taxes due at but paid after death are deductible as debts of the decedent; and (2) if not, whether the state gift tax so paid is otherwise deductible as a state tax which was a lien at the date of the decedent's death.[6]

The inheritance tax is computed on the "clear market value" of property in excess of exemptions which because of the circumstances of its transfer from a decedent, is subject to the tax. (§ 13402.) The clear market value is arrived at by reducing the appraised or market value of includible transfers by those deductions specified as allowable in sections 13981 through 13991 "and no others." (§ 13982; see also § 13312.) It is the expressed intent of the code that items mentioned in sections 13981 through 13991 establish limitations on deductions allowable. (§ 13981.) Thus a taxpayer must be able to specify the precise provision of the code which secures a deduction to him. (See *Estate of Giolitti* (1972) 26 Cal.App.3d 327, 331 [103 Cal.Rptr. 38]; *Estate of Webb* (1966) 241 Cal.App.2d 85, 93 [50 Cal.Rptr. 397].)

In the instant case there is no specific provision which authorizes as a deduction gift taxes incurred but not paid at the time of death. The objector must rely, if she is to prevail at all, on the general provision of section 13983, which makes deductible "Debts of a decedent owed by him at the date of his death . . ." Such a debt or debts must additionally be of such character that the same "actually reduce[s] the amount of [the] transfer" to the objector. (§ 13981.) Crucial to our determination that neither the state nor the federal gift tax obligation qualifies is the obvious fact that, upon analysis, the payment of the aforementioned gift tax obligations does not reduce the net amount of the benefit actually received by the objector-transferee.

We consider first the aspects of the federal estate and gift tax as they bear on the state inheritance tax. The federal estate tax paid upon the death of a decedent is not a deductible debt in arriving at the clear market value for purposes of determining the state's inheritance tax base. (See *Estate of Fabris* (1962) 200 Cal.App.2d 408 [19 Cal.Rptr. 397].) When a transfer of property made prior to death results in an obligation to pay a federal gift tax it may be a transfer which nevertheless is subject

---

[6]Section 13987 provides: "All State . . . taxes . . . which are a lien at the date of a decedent's death against the property included in any transfer subject to [the inheritance tax] . . . are deductible from the appraised value of the property." The gift tax is a lien upon the property transferred. (§§ 16061, 16064.)

to the federal estate tax as, for example, in the case of a gift made in contemplation of death. (See *Ingalls* v. *C. I. R.* (4th Cir. 1964) 336 F.2d 874, 876.) In such an instance the total federal estate tax thereby incurred is determined by reference to the total transfers including *inter vivos* transfers. The gift tax on all such transfers, however, is considered a credit against the total estate tax due and is, in effect, merely a down payment on the federal estate tax. (See *Smith* v. *Shaughnessy* (1943) 318 U.S. 176, 179 [87 L.Ed. 690, 692-693, 63 S.Ct. 545].) As no part of the federal estate tax can be a deductible item in determining the state inheritance tax base, a fortiori the "down payment" portion of the federal estate tax (i.e., the federal gift tax) is not deductible. To permit such a deduction "would be to sanction the circumvention of the law which does not permit the deduction of the federal estate tax and would authorize a deduction which is not expressly provided for . . ." (*Estate of Giolitti, supra,* 26 Cal.App.3d 327, 332.)[7]

The foregoing analysis is consistent with the requirement of the code that an item to be deductible must actually reduce the amount of the inheritance or transfer. (§ 13981.)[8] Obviously the amount of the transfer has been reduced by the payment of the federal estate tax, but it is not a reduction for which the law provides an offset. The transferee is thus required to bear that diminution in value *before* application of allowable deductions in the determination of the clear market value for tax purposes. (*Estate of Fabris, supra,* 200 Cal.App.2d 408.) The payment of a federal gift tax on an includible transfer "in actuality . . . does not reduce the value of the estate transferred *inter vivos* below that which would have been received by the transferees had no gift . . . been made as the same obligation would be imposed on the testamentary transfer in the form of a federal estate tax." (*Estate of Giolitti, supra,* 26 Cal.App.3d 327, 333.) The federal gift tax when considered as a part of the federal estate tax fails to qualify for a deduction as its payment does not further

---

[7]For reasons stated in *Giolitti* at pages 334-336 we are of the opinion that there is no merit to the objector's further contention that the Controller is bound by an earlier administrative practice which allowed a deduction for federal gift taxes paid in arriving at the estate's clear market value. As noted in *Giolitti,* the Controller discontinued such administrative practice following a judicial determination that when the federal gift tax was but a payment on account of the estate tax no deduction for such payment could be allowed, the estate tax not being a deductible item. (*Estate of Fabris, supra,* 200 Cal.App.2d 408.)

[8]The full text of section 13981 is as follows: "This article [Article 2, Deductions] is a limitation on deductions allowable. It is not intended by this article to allow as a deduction anything that does not actually reduce the amount of an inheritance or transfer."

reduce the amount of the transfer below that to which it has already been reduced by charges which the law has *otherwise* excluded as deductible.[9]

The liability for the California gift tax on the joint tenancy transfers, for reasons similar if not identical to those in the case of the liability for the federal gift tax also is not a deductible item for purposes of determining the clear market value for the state inheritance tax. The payment of an obligation for a state gift tax on an *inter vivos* transfer which nevertheless is subject to the inheritance tax upon the transferor's death, is deemed to constitute merely a prepayment of the inheritance tax. (*Estate of Kirshbaum* (1968) 268 Cal.App.2d 155, 158 [73 Cal.Rptr. 711]; to the same effect, see *In re Estate of Shivers* (1969) 105 N.J.Super. 242 [251 A.2d 771, 775]; *McGill* v. *Oklahoma Tax Commission* (1953 Okla.) 258 P.2d 1180, 1183.) As the inheritance tax itself manifestly is not a deductible item for purposes of determining the clear market value base for that tax, a prepayment of a portion of such tax is likewise not a deductible item.[10]

---

[9]The construction here adopted negates a device by which the legislative purpose may be circumvented. If death had overtaken the decedent prior to the joint tenancy transfers a federal estate tax would have been incurred in an identical amount, and none of it would have been deductible for purposes of determining the state inheritance tax. If, however, we were to conclude in the instant circumstances that the federal gift tax for the *inter vivos* transfers was deductible then, although an identical federal estate tax would have been incurred, a portion of it would be deductible for purposes of the state inheritance tax. Thus by the simple device of making an *inter vivos* transfer when death was imminent, a transferor could avoid in behalf of his heirs or transferees the rule that the federal estate tax is not a deductible item for purposes of the state inheritance tax. Contrary to such a result we are required "to tax every transfer made in lieu of or to avoid the passing of property by will or the laws of succession" (§ 13648), to adopt, where possible, that construction of a taxing statute "which lays the burden of taxation uniformly upon those who bear that burden and who stand in the same degree with relation to the tax . . . ." (*Estate of Steehler* (1925) 195 Cal. 386, 402 [233 P. 972], remittitur corrected 197 Cal. 67 [239 P. 718]), and to assess a tax so that the amount shall be proportionate to the benefit received. (*Estate of Rath* (1937) 10 Cal.2d 399, 405 [75 P.2d 509, 115 A.L.R. 836].) (See *Estate of Giolitti, supra,* 26 Cal.App.3d 327, 333.)

[10]We do not hold and the Controller does not argue that a gift tax due and owing at the death of a decedent is not a deductible debt of the decedent when the gift tax arises from an *inter vivos* transfer which is *not* also includible as a transfer subject to a nondeductible death tax. It is only those gift taxes which in effect are a partial payment or a prepayment of a nondeductible death tax which are within the scope of our holding.

The instant case does not involve a situation wherein a transferor paid a gift tax prior to death, and the transfer was included with those transfers subject to the inheritance tax. In such a case, if the state gift tax paid is allowed as a credit against the inheritance tax, as it must be (§ 14059), it would necessarily also be deemed an asset of the estate (e.g., a prepaid tax liability). (See *Estate of Giolitti, supra,* 26 Cal.App.3d 327, 338.) Were it otherwise the heirs of transferees of the decedent would nevertheless receive the benefit of the challenged and disallowed deduction through the mechanics of a reduction in the appraised market value of the decedent's estate by the amount of the gift tax paid before

■ The liability for payment of the state gift tax must also fail as a deductible item pursuant to section 13987 which provides for a deduction of any tax which is a "lien at the date of a decedent's death against the property included in any transfer subject" to the inheritance tax. As the gift tax in such circumstances is but a portion of the inheritance tax it must first be established that the inheritance tax is itself a lien or other deduction to be taken into account in its own computation. Obviously, it is not.[11]

It is urged that *Estate of Giolitti, supra,* 26 Cal.App.3d 327, is factually distinguishable from the instant case in that *Giolitti* dealt with a federal gift tax resulting from a transfer made in contemplation of death. Objector asserts it was thus testamentary in nature whereas the instant transfers should be governed by rules affecting joint tenancies. We are not concerned with the form of the transfers but rather with their substance in the context in which made. (See *Estate of Vai* (1966) 65 Cal.2d 144, 154-155 [52 Cal.Rptr. 705, 417 P.2d 161].) *Giolitti* and the instant case have in common *inter vivos* transfers of property interests which, by virtue of the death of the transferor, are now conceded to be transfers subject to inheritance tax. Such transfers in each case are to be governed by those rules which effect the purposes of the inheritance tax and those rules have been well applied in *Giolitti.*[12]

For the foregoing reasons we conclude that neither state nor federal gift taxes paid following a transferor's death on *inter vivos* transfers which are respectively subject to the state inheritance and the federal

---

death, such would constitute failure to comply with the legislative intent that "every transfer made in lieu of or to avoid the passing of property by will or the laws of succession" be subjected to the inheritance tax. (§ 13648.)

[11]We recognize that the federal government allows as both a deduction for estate tax purposes and a credit against the estate tax, federal and state gift taxes due but not paid at death on *inter vivos* transfers which are also subject to the estate tax. (Treas. Reg., § 20.2012-1, subd. (a); *Estate of Lang* (1975) 64 T. C. 404 [No. 38].) However, these federal determinations are predicated upon a line drawn between gift tax obligations and an express statutory exclusion of "any estate, succession, legacy, or inheritance taxes" from otherwise allowable deductions "for claims against the estate." (26 U.S.C. § 2053(a)(3), (c)(1)(B).) Our holding is based not on any construction of an exception expressly carved out from otherwise allowable deductions but upon our conclusion that the gift taxes in the instant case are outside the scope of the deductions affirmatively authorized by section 13982, which allows only the deductions specified in sections 13981-13991 *"and no others."* (See *Estate of Fabris, supra,* 200 Cal.App.2d 408, 412.)

[12]Although the circumstances in the instant case suggest *inter vivos* transfers made in contemplation of death (see § 13642), the record indicates that they were subjected to the inheritance tax only because of the joint tenancy nature of the transfers (§ 13671). As indicated, our holding turns on the fact that the transfers are includible and not the reason for the inclusion.

estate taxes, are deductible from the appraised market value of the estate in computing the clear market value for inheritance tax purposes. The order fixing the inheritance tax is, accordingly, reversed and the court is directed to enter an order fixing the tax as computed by the referee.

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.

Respondent's petition for a rehearing was denied September 24, 1975.