[No. 7227-7-I.   Division One.   February 4, 1980.]

*In the Matter of the Estate of*
RUTH MOODY.

*Slade Gorton, Attorney General,* and *William B. Collins, Assistant,* for appellant.

*Thomas R. Collins* and *Anderson, Hunger, Dewell, Baker & Collins, P.S.,* for respondent.

JAMES, J.—This case concerns the inheritance tax consequences of gifts made in contemplation of death. The facts are not in dispute. In 1972, Ruth Moody made two gifts of stock for which she paid state and federal gift taxes in 1973. Subsequent to her death in 1974, it was ascertained that additional state and federal gift taxes were owing with respect to the gifts. These taxes were paid by the estate.

For purposes of this litigation, it was stipulated that the gifts were made in contemplation of death and that the amounts of the gifts were therefore properly includable in the estate inventory for state inheritance tax purposes as provided by RCW 83.04.010. It was further agreed that the total amounts of state gift taxes paid both prior and subsequent to death were properly credited against the inheritance tax determined to be due as provided by RCW 83.16.060.

The dispositive issues are raised by the State's claim that the trial judge erred in entering the following conclusions of law:

> Gift taxes paid prior to death are not properly subject to tax within the meaning of [RCW 83.04.010].

Conclusion of law No. 2.

> Gift taxes owing at the date of death are an authorized deduction to be deducted from the gross estate in determining the inheritance tax as provided in RCW 83.04.013.

Conclusion of law No. 3.

We first consider the gift taxes paid prior to death. In summary, the estate (Moody) contends that the trial judge did not err in his conclusion of law No. 2 because (1) under Washington's statutory scheme, an inheritance tax is levied upon the *property* of a decedent, and (2) gift taxes paid prior to death are no longer "property" which can be inherited from a decedent. Moody finds support for his rationale in two decisions of the United States Tax Court. *Estate of Gamble v. Commissioner,* 69 T.C. 942 (1978); *Estate of Lang v. Commissioner,* 64 T.C. 404 (1975), *appeal docketed,* No. 76-1543 (9th Cir., March 15, 1976).

■ The State contends that because gifts made in contemplation of death were to be treated for tax purposes as property which passes by inheritance (RCW 83.04.010, former 26 U.S.C. § 2035), state and federal gift taxes paid prior to death constituted prepayments of state inheritance tax and federal estate tax respectively. The validity of such a concept was recognized by the United States Supreme Court in *Smith v. Shaughnessy,* 318 U.S. 176, 179, 87 L. Ed. 690, 63 S. Ct. 545 (1943).

> Under the statute the gift tax amounts in some instances to a security, a form of down–payment on the estate tax which secures the eventual payment of the latter; it is in no sense double taxation as the taxpayer suggests.

The State reasons that the logical consequence of a prepayment concept is that the amounts of state and federal gift taxes paid by a donor must be included when determining the gross value of the donor's estate for inheritance tax purposes. We agree. California, Oklahoma, New Jersey and Virginia, which had inheritance–gift tax schemes which in relevant parts were similar to Washington's, had adopted the "prepayment" concept. *In re Estate of Schmalenbach,* 15 Cal. 3d 102, 539 P.2d 58, 123 Cal. Rptr. 490 (1975); *McGill v. Oklahoma Tax Comm'n,* 258 P.2d 1180 (Okla. 1953); *In re Estate of Shivers,* 105 N.J. Super. 242, 251 A.2d 771 (1969); *Commonwealth v. Lewis,* 208 Va. 221, 156 S.E.2d 589 (1967).

> In *Schmalenbach,* at 108, the court stated:

> The payment of an obligation for a state gift tax on an *inter vivos* transfer which nevertheless is subject to the inheritance tax upon the transferor's death, is deemed to constitute merely a prepayment of the inheritance tax. . . . As the inheritance tax itself manifestly is not a deductible item for purposes of determining the clear market value base for that tax, a prepayment of a portion of such tax is likewise not a deductible item.

(Citations omitted.)

We next consider the treatment to be afforded the additional state gift tax determined to be owing as of the date of death. Moody reasons that because RCW 83.56.030 and

RCW 83.56.090 explicitly require the reporting and payment of a state gift tax on or before the 15th day of April following the close of the calendar year in which a gift is made, once a taxable transfer has been made, the gift tax liability is absolute. Moody concedes that Washington's inheritance tax is not deductible under RCW 83.04.013 "because it is not a debt owing at the time of the decedent's death." Moody contends, however, that RCW 83.04.013 explicitly authorizes the deduction of the amount owed as a gift tax because it is a state tax due from the estate prior to decedent's death. As Moody puts it, "The state gift tax was, *ipso facto,* a state tax and it was due at the date of decedent's death." Moody points out that *Lang* and *Gamble* support his reasoning.

■ Again, Moody's contention fails to recognize the provisional nature of an inter vivos gift which may subsequently be determined to have been made in contemplation of death. RCW 83.04.013 authorizes only deductions for debts of a decedent. As Moody concedes, Washington's inheritance tax is not a debt of a decedent. Its computation is based upon the value of a decedent's estate, but it is not the estate which is taxed.

This state has an inheritance tax as opposed to an estate tax such as prevails in the Federal system and New York. Our tax is an excise, laid upon the privilege of receiving property by inheritance. *In re Plasterer's Estate,* 49 Wn. (2d) 339, 301 P. (2d) 539. The tax is borne by the successor. *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A. L. R. 122; *In re Corbin's Estate,* 107 Wash. 424, 181 Pac. 910, 7 A. L. R. 685; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105. By RCW 83.52.010, the personal representative of the estate is responsible for payment of the tax and payment is a prerequisite to a decree of distribution. Consequently, the valuation of the property for tax computation must precede distribution. But, nevertheless, essentially the tax comes from the legatee's pocket. It is not the decedent's estate that is taxed, but those who succeed to it. The tax is computed with reference to the value of the inherited property, but this is not a tax on the property

itself. The value of the property is the measure, but the incidence of tax is the transfer laid on the person who receives it for his privilege to do so. *In re Lloyd's Estate,* 53 Wn. (2d) 196, 332 P. (2d) 44; *Seattle–First Nat. Bank v. Macomber,* 32 Wn. (2d) 696, 203 P. (2d) 1078.

*In re Estate of Birkeland,* 56 Wn.2d 441, 443–44, 353 P.2d 667 (1960).

A determination that a donor's inter vivos gift was made in contemplation of death results in a metamorphic change in the nature of the tax imposed upon the transfer. The unpaid gift tax obligation disappears and is no longer a debt "owing by decedent at the date of death". RCW 83.04.013(1).[1] The obligation becomes, rather, an unpaid inheritance tax.

We next consider whether the additional federal gift tax owing should be deducted from the value of the estate for state inheritance tax purposes. Moody states that, as permitted by pertinent federal estate tax regulations, both federal and state gift taxes owing at the date of death were deducted from the value of the estate for federal estate tax purposes. Treas. Reg. § 20.2053–6(d) (1958). Moody argues that the federal regulations make it clear that the federal gift tax is not treated as a subspecies of inheritance tax. Moody asserts "[d]eath taxes—including federal estate tax—are not deductible; gift taxes are. *A fortiori,* federal gift tax is not the same thing as federal estate tax."

Moody contends that we should be bound by federal interpretations of federal tax law. We do not agree. It does not follow that, because federal gift tax paid is deductible from the value of an estate for federal estate tax purposes, Washington must accept the deduction for state inheritance tax purposes. In *Frick v. Pennsylvania,* 268 U.S. 473, 69 L. Ed. 1058, 45 S. Ct. 603, 42 A.L.R. 316 (1925), the issue was whether states must allow a deduction for federal estate taxes. The ruling was that no deduction was required because the power of taxation granted to the United States

[1]RCW 83.04.013 formerly read, "owing by the decedent at the time of his death, . . ."

does not curtail or interfere with the taxing power of the several states.

> [W]e are of opinion that neither the United States nor the State is under any constititutional obligation in determining the amount of its tax to make any deduction on account of the tax of the other. With both the matter of making such a deduction rests in legislative discretion.

*Frick v. Pennsylvania, supra* at 500; *In re Estate of Carlson,* 61 Wn.2d 359, 378 P.2d 435 (1963).

■ Again, Moody's contention fails to recognize the significant distinction between the estate tax imposed by the federal government and the inheritance tax imposed by Washington. The federal estate tax is measured by the interest in property that ceased by reason of death. *YMCA v. Davis,* 264 U.S. 47, 68 L. Ed. 558, 44 S. Ct. 291 (1924). The inheritance tax is measured by the interest in property which heirs are deemed to have received.

> An inheritance tax is imposed upon the succession rather than upon the property. . . . Under RCW 83.04-.010, all property to be distributed in the estate of a decedent is subject to a tax measured by the full or gross value of the property passing, reduced [only] by the amounts allowable under RCW 83.04.013, . . .

*In re Estate of Stoddard,* 81 Wn.2d 226, 229, 500 P.2d 1249 (1972).

Because the gift taxes credited against both the federal estate and the state inheritance taxes are deemed prepayments of taxes due upon death, the amounts thereof must be deemed to have been recaptured by the estate for the purpose of computing "the full or gross value of the property passing" by inheritance. *Stoddard,* at 229.

RCW 83.36.010 directs the Department of Revenue to

> make and publish rules and regulations not inconsistent with the inheritance tax provisions of this title, necessary in enforcing its provisions, which rules and regulations shall have the same force and effect as if specifically included herein, unless declared invalid by the judgment of a court of record not appealed from.

In 1975, the department adopted WAC 458–56–170 as follows:

> Gifts taxable as inheritance. If a gift tax has been paid on any gift and thereafter, upon the death of the donor, a Washington inheritance tax is imposed on the same gift, there shall be credited against the inheritance tax as so imposed an amount equal to the gift tax paid on such gift. The amount of the gift tax paid shall be included as an asset of the estate of the donor.

The trial judge concluded as follows:

> [WAC 458–56–170] is an attempt to amend RCW 83.04.010 and RCW 83.04.013, which attempt is beyond the authority of the Department of Revenue.

Conclusion of law No. 4. For the reasons discussed herein, we hold that WAC 458–56–170 is a valid and enforceable regulation having the force of law. *Anderson, Leech & Morse, Inc. v. Liquor Control Bd.*, 89 Wn.2d 688, 575 P.2d 221 (1978).

Reversed.

CALLOW, C.J., and DORE, J., concur.