[Civ. No. 61986. Second Dist., Div. Five. Apr. 20, 1982.]

Estate of ETHEL BAYLEY FOWLER, Deceased.
KENNETH CORY, as State Controller, et al., Petitioners and
Appellants, v.
LEE FOWLER, Objector and Respondent.

COUNSEL

Myron Siedorf, Margaret Groscup and Phyllis K. Fairbanks for Petitioners and Appellants.

Kates, Cohen & Sherman and Robert J. Sherman for Objector and Respondent.

## OPINION

**HASTINGS, J.**—The issue before us on this appeal is whether the gift taxes paid by the donor-decedent prior to her death are includable in her gross estate for inheritance tax purpose. Surprising as it may seem, this issue has not been directly determined in this state.

The facts are these: On July 2, 1974, Ethel Bayley Fowler, decedent, established an *inter vivos* trust in which she retained a life estate. At that time she paid federal gift taxes of $94,185 and California gift taxes of $33,204. Decedent died on April 20, 1976, and the amount of the gift establishing the trust was subject to California Inheritance Tax under Revenue and Taxation Code section 13644[1] and a federal estate tax under Internal Revenue Code section 2036. Gift tax credits were given both for the federal estate tax and the state inheritance tax subsequently paid by the estate.

The State of California, acting through Kenneth Cory as State Controller, appellant, and John P. Belton as tax referee, treated the total gift taxes of $127,389 paid by the decedent as a prepayment of death taxes and hence an asset of the estate. Objections were filed on behalf of decedent's estate on the ground that the amount of prepaid taxes should not have been treated as a taxable asset. The trial court agreed and this appeal by the state followed.

## ISSUE

Are gift taxes paid by the donor prior to death and credited against both federal and state death taxes on the transferred property assets of the decedent's taxable estate?

## DISCUSSION

If decedent had died after 5 p.m. on September 26, 1977, respondent estate concedes that the amount of the paid gift taxes would have been included in decedent's taxable estate. On that date, at that time, section

---

[1]Section 13644: "A transfer conforming to Section 13641 and under which the transferor expressly or impliedly reserves for his life an income or interest in the property transferred is a transfer subject to this part. Such a reservation shall be conclusively presumed where the transferor retains the possession or enjoyment of the income or interest in the property transferred until his death."

Section 13641: "If a transfer specified in this article was made during lifetime by a decedent, for a consideration in money or money's worth, but the transfer was not a bona fide sale for an adequate and full consideration in money, or money's worth, the amount of the transfer subject to this part shall be the excess of

"(a) The value, at the date of the transferor's death, of the property transferred, over

"(b) An amount equal to the same proportion of the value, at the time of the transferor's death, of the property transferred which the consideration received in money or money's worth for the property transferred bears to the value, at the date of transfer, of the property transferred."

Unless otherwise stated all references are to Revenue and Taxation Code.

13648 became effective, providing that "The amount of any transfer which is subject to this part shall be increased by the amount of any tax paid under Part 9 (commencing with section 15101) of this division by the decedent on such transfer." However, respondent argues that enactment of the statute is proof that the law was changed, accordingly no gift taxes were includable in decedent's gross estate prior to its enactment because decedent died in 1976. Appellant contends that this section was supported by decisional reasoning before enactment of the section, therefore it was not a change of the law that precluded the action taken by the state.

Case law on the subject prior to September 26, 1977, is not as clear and decisive as the parties would have us believe. We are satisfied, however, that what law there is favors appellant's position.

Under our state law the gift tax credited against the inheritance tax is payment of state inheritance tax. (*Estate of Kirshbaum* (1968) 268 Cal.App.2d 155 [73 Cal.Rptr. 711].) A similar gift tax credit is given against the estate tax under federal law. (*Smith* v. *Shaughnessy* (1943) 318 U.S. 176 [87 L.Ed. 690, 63 S.Ct. 545].) In *Estate of Schmalenbach* (1975) 15 Cal.3d 102, at pages 106-107 [123 Cal.Rptr. 490, 539 P.2d 58], our Supreme Court, in discussing payment of federal gift taxes, stated: "When a transfer of property made prior to death results in an obligation to pay a federal gift tax it may be a transfer which nevertheless is subject to the federal estate tax .... In such an instance the total federal estate tax thereby incurred is determined by reference to the total transfers including *inter vivos* transfers. The gift tax on all such transfers, however, is considered a credit against the total estate tax due and is, in effect, merely a down payment on the federal estate tax. (See *Smith* v. *Shaughnessy* (1943) 318 U.S. 176, 179 [87 L.Ed. 690, 692-693, 63 S.Ct. 545].)"

And, on page 108 of the same opinion, the court states: "The payment of an obligation for a state gift tax on an *inter vivos* transfer which nevertheless is subject to the inheritance tax upon the transferor's death, is deemed to constitute merely a prepayment of the inheritance tax."

Based upon the above reasoning appellant argues that the donor's (decedent's) gift tax liability through the allowance of the gift tax credit was converted into partial payment of the death taxes. This prepaid

tax thus became an asset of the estate. Any problem concerning possible double taxation is resolved by the credit allowed by the state for the gift taxes paid. This is explained in *Estate of Giolitti* (1972) 26 Cal. App.3d 327 [103 Cal.Rptr. 38, 56 A.L.R.3d 1307], where a gift was made in contemplation of death thus making it includable in the taxable estate. The court stated, at pages 331-332: "An *inter vivos* transfer in contemplation of death (§ 13642) is testamentary in character and as such is a taxable event under the inheritance tax law the same as if the property had been transmitted by will. The purpose of this provision is to prevent the evasion of the inheritance tax [citations]. However, under federal law when such an *inter vivos* transfer is subject to the federal estate tax, to avoid double taxation a credit and offset for the gift tax paid is allowed (26 U.S.C. § 2012). A like credit is allowed against the state inheritance tax for the state gift tax paid on a lifetime transfer which is subject to the state inheritance tax (§ 14059). Both the federal and state jurisdictions have considered the effect of the gift tax in such an instance to be a down payment on the estate or inheritance tax to the extent of the credit and in substance a part payment of such estate or inheritance tax."

We agree with appellant's argument that a prepaid tax is an asset or property which has value to someone. Civil Code section 654, in defining ownership of a thing, states "... the right of one or more persons to possess and use it to the exclusion of others..." ▮ A person who has the right to use a credit has ownership of this right which is therefore a property right. The word "property" may be properly used to signify any valuable right or interest protected by law. (*Franklin v. Franklin* (1945) 67 Cal.App.2d 717 [155 P.2d 637].) Clearly when the tax is paid by the donor-decedent, the estate benefits by the credit it receives.

In *Estate of Schmalenbach* 15 Cal.3d 102 [123 Cal.Rptr. 490, 539 P.2d 58], the court was concerned with whether state and federal gift taxes accrued and payable at time of death, yet paid after death on *inter vivos* transfers, were subject to state inheritance and federal estate taxes, or were deductible in determining the gross taxable estate. The court held that they were not deductible. Although the issue in *Schmalenbach* differs from the issue in this case in that the gift taxes were paid after death, footnote 10 (p. 108) is germane to our present issue. It states: "The instant case does not involve a situation wherein a transferor paid a gift tax prior to death, and the transfer was included with

those transfers subject to the inheritance tax. In such a case, if the state gift tax paid is allowed as a credit against the inheritance tax, as it must be (§ 14059), it would necessarily also be deemed an asset of the estate (e.g., a prepaid tax liability). (See *Estate of Giolitti, supra*, 26 Cal.App.3d 327, 338.) Were it otherwise the heirs or transferees of the decedent would nevertheless receive the benefit of the challenged and disallowed deduction through the mechanics of a reduction in the appraised market value of the decedent's estate by the amount of the gift tax paid before death, such would constitute failure to comply with the legislative intent that 'every transfer made in lieu of or to avoid the passing of property by will or the laws of succession' be subjected to the inheritance tax. ([Former] § 13648.)"

Respondent, noting that this footnote is quite destructive of its position, contends that it is only dicta in a case that is dealing with a different issue. This is the usual argument in such a situation. However, dicta that is well-reasoned can help to anchor a rule of law when it is subsequently decided. Footnote 10 meets head on the issue here, analyzes it, and to a limited degree suggests the solution.

In *Estate of Garin* (1979) 98 Cal.App.3d 999 [159 Cal.Rptr. 916], the decedent had made a gift to her son of $200,000 and had paid federal and state gift taxes on the transfer. Although in her will she stated that the $200,000 was to be considered an advancement along with the gift taxes paid and deducted from his share (this was done to equalize smaller gifts given to other children), it was argued that the gift taxes paid were not includable in decedent's estate. The trial court agreed and excluded the value of the gift taxes from the estate. The appellate court reversed, relying in part on the dicta from footnote 10 in *Estate of Schmalenbach*, cited above.[2]

██ We see no reason to believe that section 13648 of the Revenue and Taxation Code, effective on September 26, 1977, established new law in California, at least to the extent that it would prevent the Controller from including paid gift taxes in the taxable estate of the decedent. *Estate of Schmalenbach*, 15 Cal.3d 102, and *Estate of Giolitti*, 26 Cal.App.3d 327, *supra*, were decided before 1977. The concept

---

[2]Other jurisdictions agree with our conclusion that the gift taxes are includable in the decedent's estate. In *Estate of Moody* (1980) 25 Wn.App. 329 [606 P.2d 285], the court stated: "The State reasons that the logical consequence of a prepayment concept is that the amounts of state and federal gift taxes paid by a donor must be included when determining the gross value of the donor's estate for inheritance tax purposes. We agree. . . ."

for including paid gift taxes, under the facts of this case, in the taxable estate was thus present long before enactment of the statute. Appellant states the reason for its enactment as follows: "In *Estate of Giolitti, supra*, and *Estate of Schmalenbach, supra*, it was held that to the extent a gift tax paid on an includible gift is allowed as a credit on the death tax (state inheritance or federal estate tax), the gift tax paid is subject to the inheritance tax. Inasmuch as the old gift tax credit has been eliminated, it became necessary to add a provision to the inheritance tax to include the gift tax paid on *inter vivos* transfers subject to inheritance tax. This new provision was merely a statutory enactment of pre-existing law.[4]"

We have reviewed the meager legislative history available on the statute and it neither affirms nor contradicts appellant's reason for the 1977 enactment. One thing is certain, nothing therein supports respondent's arguments. Therefore, for the reasons set forth above we conclude appellant was correct in including the paid gift taxes in decedent's taxable estate.

Respondent makes one other argument that evolves as follows: Section 13641, footnote 1, *supra*, provides that only those transfers not constituting a bona fide sale for an adequate and full consideration or moneys worth can be subjected to inheritance tax. On the date of the gift a gift tax was due, therefore when decedent paid the gift taxes in 1975, she was discharging a statutory indebtedness which was in fact full consideration for the transfer. No cases support this somewhat novel argument. The cases cited by respondent are totally inapposite.[3] We compliment respondent for this ingenious argument, but that is all. Here the donor paid the taxes, not the donee. By paying the gift taxes the donor cannot contend her own additional payment of the taxes,

---

"[4]As enacted in 1977, the law provided that all lifetime transfers, whenever made, subject to gift tax were to be aggregated with transfers subject to inheritance tax. In 1978 A.B. 2263 (Stats. 1977, Ch. 1388) provided that in the case of decedents with a date of death after 8:25 p.m., September 30, 1978, *non*includible gifts were to be aggregated with transfers subject to inheritance tax only if made after December 31, 1976. However, a problem arose because *inter vivos* transfers continued to be subject to inheritance tax regardless of when the transfer was made. Consequently gift tax credit provisions were added to the code again, so that includible transfers made before December 31, 1976, would not lose the benefit of the gift tax credit."

[3]The cases *Dunlap v. Commercial Nat. Bank* (1920) 50 Cal.App. 476 [195 P. 688], and *Abstract & Title Guaranty Co. v. State* (1916) 173 Cal. 691 [161 P. 264], deal with alleged gifts *causa mortis* and whether there was insufficient consideration to establish them as such.

which increased the total value of the gift to the donee, turned the transaction into a bona fide sale.

The order is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.