LASSER, P.J.T.C.
In this action the executor under the will of Josephine Maguire contests a New Jersey transfer inheritance tax assessment on transfers of cash and stock by decedent to her family members. The New Jersey Transfer Inheritance Tax Bureau found these transfers to be taxable as gifts made in contemplation of death. Taxpayer has moved for summary judgment on the ground that the subject gifts are not a “material part” of decedent’s estate and therefore the transfers are not subject to tax.
Decedent died on January 17, 1985 at age 87, leaving a will dated March 13, 1984. Decedent’s gross estate at death is $2,158,647, including transfers determined by the bureau to have been made in contemplation of death. The transfers in issue were 25 gifts, none of which exceeded $10,000, made in *440 1983-1985 to family members who were also beneficiaries under her will. These gifts totaled $209,875 using date-of-gift value and $381,250 using date-of-death value. No gifts were made in 1982.
The 25 gifts to her son, daughter, son-in-law and grandchildren in 1983-1985, principally common stock of United Parcel Service of America, Inc. (UPS), are summarized as follows:
GIFTS BY DECEDENT.
March 3, 1983 January 13, 1984 January 4,
UPS stock UPS stock 1985—cash
# of shares Date-of-gift value Date-of-death value # of shares Date-of-gift value Date-of-death value
T.V. Maguire 800 $ 7,800 $ 20,000 545 $ 8,992.50 $ 13,625 $10,000
M. Quinn
E. Quinn
P. Maguire
K. Freeman
J. Maguire
T.W. Maguire
W.K. Maquire
Jess. Freeman
Jos. Freeman
M.A. Maguire 200 1,950 5,000
Total 8,200 $79,950 $205,000 5,450 $89,925 $136,250 $40,000
VALUES PER SHARE USED FOR UPS STOCK.
March 3, 1983 $ 9.75
January 13, 1984 16.50
January 4, 1985 25.00
January 17, 1985 25.00
*441 DECEDENT’S TOTAL ESTATE BEFORE AND AFTER GIFTS.[1]
March 3, 1983 January 13, 1984 January 4, 1985
£ of shares Date-of-gift value Date-of-death value # of shares Date-of-gift value Date-of-death value Date-of-death value
Before gifts 83,816 $817,206 $2,095,400 75,616 $1,266,568 $1,909,304 $2,158,647 [2]
After gifts 75,616 $737,256 $1,890,400 70,166 $1,176,643 $1,773,054 $1,777,397 [3]
I.
N.J.S.A. 54:34-1 imposes New Jersey transfer inheritance tax on transfers of property worth $500 or more, including certain gifts made in contemplation of death. In his motion for summary judgment, taxpayer assumes that if his motion is granted, it will dispose of the case. However, even if I were to find that the gifts are not a material part of the estate, that finding would not be dispositive of the case because, in that event, although the presumption that the gifts were made in contemplation of death would not apply, the Director would still have an opportunity to establish that the gifts made within three years of death were, in fact, made in contemplation of death, although without the benefit of the statutory presumption. Therefore, this motion for summary judgment would not, in any case, be dispositive of the matter, and I regard this motion as a motion in limine.
In determining whether the transfers are a “material part” of the estate, I must decide whether each transfer is to be separately compared to the total estate to determine materiality or *442 whether all transfers within the three-year period must be compared in the aggregate to the total estate.
The statute provides that:
(c) ... A transfer by ... gift made ... within 3 years prior to the death of the ... donor ... of a material part of his estate ... shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death within the meaning of paragraph “c” of this section; but no such transfer made prior to such 3-year period shall be deemed or held to have been made in contemplation of death. [N.J.S.A. 54:34-1]
Taxpayer contends, and Director does not dispute, that the burden of proof is on the Director to establish that the gifts constituted a “material part” of decedent’s estate. Taxpayer argues that a strict construction of the statute requires that each separate gift must be compared to the total estate to determine whether it is a “material part” of the estate. However, taxpayer relies more heavily on the contention that materiality is determined by comparing the value of gifts made in one year with the value of the total estate in that same year, and argues that regardless of whether the gifts are compared individually or annually, they are not a “material part” of decedent’s estate. Taxpayer states that gifts made in 1983 constituted 11% of decedent’s then assets, gifts made in 1984 constituted 8% of her then assets and gifts made in 1985 constituted 3% of her then assets.[4]
Director contends that the aggregate value of gifts made during the three-year period prior to decedent’s death must be compared with the value of decedent’s total estate to determine whether the gifts are a “material part” of the estate. Director states that in this case it does not matter whether the gifts and the total estate are valued at the date of gift or the date of death when comparing the gifts to the total estate. This is because the bulk of the estate and the majority of the gifts were UPS stock which was appreciating in value over the period so that the ratio of gifts to total estate remains relatively constant regardless of which valuation date is used.
*443 The inheritance tax is a tax on the right to receive property from a decedent. See In re Estate of Lichtenstein, 52 N.J. 553, 559, 247 A.2d 320 (1963). The statutory provision creating a presumption that gifts made within three years of death are to be deemed transfers taxable upon decedent’s death evidences a legislative intent that these transfers be treated as part of decedent’s estate. The tax attaches at the date of death of the donor, not the date of the gift. See N.J.S.A. 54:34-5 and N.J.A.C. 18:26-5.6. In the inheritance tax proceeding, the gifts are considered part of the estate for tax computation purposes, and they have an effect on the amount of tax because the tax is a graduated tax. See N.J.S.A. 54:34-2.
From the foregoing I conclude that, consistent with the overall scheme of the transfer inheritance tax statute, all transfers made within three years of death should be considered together, not individually, annually or by donee. To hold otherwise would permit a person to avoid the thrust of the statute by making numerous gifts, no one of which would be a “material part” of the estate but which, when taken together, would constitute the disposition of a material part of the estate within the three-year period prior to death. This is consistent with the requirement that statutes be interpreted to make them effective, not render them meaningless. Abbotts Dairies v. Armstrong, 14 N.J. 319, 327-328, 102 A.2d 372 (1954); Camden City v. Taxation Div. Director, 4 N.J. Tax 458, 468 (Tax Ct.1982). See Makris v. Taxation Div. Director, 4 N.J.Tax 139, 144 (Tax Ct.1982).
Taxpayer’s argument that the policy reasons underlying the federal annual gift tax exclusion of $10,000 per donee should be applied in interpreting the New Jersey “material part” test to avoid unanticipated post-gift appreciation is without merit. I have found no indication in the statute or elsewhere that the policy reasons underlying the federal annual gift tax exclusion were contemplated by the New Jersey Legislature when the “material part” test was enacted.
In the three years prior to her death, gifts made by decedent totaled $209,875, if valued as of the date of the gift, and $381,250, if valued as of the date of decedent’s death. The *444 transfer inheritance tax audit report discloses a gross estate of $2,158,647 including the subject gifts.
The percentages of gifts to decedent’s total estate are:
Date Percentage of gifts to total estate using date-of-gift values
March 3, 1983 9.87%[5] ($79,950 ÷ $817,206 [5])
January 13, 1984 7.1%[5] ($89,925 ÷ $1,266,568 [5])
January 4, 1985 2,2% ($40,000 ÷ $1,817,397 [6])
Total 19.1%
Date Percentage of gifts to total estate using date-of-death values
March 3, 1983
($136,250 -r $2,158,647)
January 4, 1985 ($ 40,000 -r $2,158,647)
Total
Therefore, the gifts constitute 17.7% of decedent’s total estate using date-of-death values, and 19.1% using date-of-gift values.
II.
It is not necessary in this case to decide whether the date-of-death or the date-of-gift values are to be applied because they are similar. Assuming the lower figure for the purpose of this decision, the issue becomes whether gifts amounting to 17.7% of decedent’s estate are a “material part” of the estate.
*445 In Swain v. Neeld, 28 N.J. 60, 145 A.2d 320 (1958), the Supreme Court held that gifts equaling approximately one-third of the estate constituted a “material part” of the estate. In Swain, the value of the estate at the date of gift and the date of death were substantially the same because the gifts were given shortly before death. In In re Gould, 8 N.J.Misc. 798, 151 A. 743 (Sup.Ct.1930), the court held that transfer of approximately one-sixth (16.67%) of the net estate was a material part thereof. This gift was made within two months of death.
In other cases, courts have held gifts which ranged from 19% to 36.7% of the decedent’s estate to be a material part of the estate. In re Estate of Shivers, 105 N.J.Super. 242, 246, 251 A.2d 771 (App.Div.1969) (approximately 25%); Makris v. Taxation Div. Director, supra, at 144 (36.7%); In re Grabfelder, 107 N.J.L. 520, 153 A. 532 (E. & A. 1930) (approximately 19%).
In In re Estate of Anne Boyd Lichtenstein, 52 N.J. 553, 247 A.2d 320 (1968), gifts amounting to 8.1% of the decedent’s estate were held to be made in contemplation of death. However, there is no indication that the court was called upon to decide whether the gifts were a material part of the estate. It should also be noted that, in Lichtenstein, Swain, Shivers and Makris, the court stated that it used date-of-death values in comparing gifts to total estate. In the first two cases, the date of the gift and the date of death were one or two months apart. In Shivers, gifts were given slightly more than a year before death but remained virtually constant in value over the period. In Makris, gifts were made over a two-year period prior to death.
III.
The word “material” is defined in Webster’s Third New International Dictionary of the English Language Unabridged, (1976 ed.) as follows: “being of real importance or great consequence: substantial.” At 1392. This dictionary defines the word “substantial” as: “considerable in amount, value, or worth.” Id. at 2280.
*446 I find that all transfers made within three years of death should be considered together. When aggregated, the gifts represent, at a minimum, 17.7% of decedent’s estate. Gifts totaling $881,250 as of the date of decedent’s death, and representing 17.7% of decedent’s estate, are substantial. I therefore find that the gifts made within three years of the date of decedent’s death constitute a “material part” of decedent’s estate, and therefore taxpayer’s motion is denied. The case will proceed on the issue of whether the gifts were made in contemplation of death.

As of March 3, 1983, UPS stock only; as of January 13, 1984, UPS stock and $18,904, representing the value of 75,616 shares of Overseas Partners, Ltd. spin off from UPS; as of both dates, total value of assets excluded did not exceed $150,000, but the actual value is not in evidence.

January 17, 1985 Inheritance Tax Bureau audit figure, including all gifts 1983-1985.

January 17, 1985 Inheritance Tax Bureau audit figure, excluding all gifts 1983-1985.

These figures appear to represent the gift percentages of the total estate for each year after the gifts have been deducted. The percentages are 9.8%, 7.1% and 2.2% if the total estate prior to making and deducting the gifts is used.

Using only UPS stock value for 1983 and UPS stock value + $18,904 for 1984.

Using January 17, 1985 Inheritance Tax Bureau audit figure, excluding all gifts 1983-1984 ($1,777,397 + $40,000 = $1,817,397).